F. M. Finch, John A. Finch, for appellant.

Charles P. Jacobs, for appellee.

---

## MARTIN HIGGINS ET AL. V. ZERILDA A. KENDALL.

1. *Assignment of Error.*—Insufficiency of facts constitutes a good reason for reversal in this court, though not presented below; but if there be one paragraph containing sufficient facts, the cause cannot be reversed. For proper formula, see opinion.

2. *Vendor's Lien.*—May be held against purchaser, with notice; also, against one without notice to the extent of his indebtedness for purchase money to the original vendee.

3. *Verdict—Special Findings.*—The general verdict shall not be controlled by the special findings, if reconcilable therewith upon any supposable state of facts admissible under the issues.

Filed June 15, 1881.

Appeal from Shelby Circuit Court.

Opinion by Mr. Justice Woods.

Suit by the appellee against the appellant to enforce a vendor's lien, and to recover judgment upon a promissory note made by the appellant, Samuel Higgins. The original complaint was against said Samuel and his wife, and co-appellant Rebecca; but on leave of the court an "additional complaint" in two paragraphs was filed, wherein said Martin, who had purchased the land upon which the lien was claimed, was made a party defendant, and issues of fact having been joined upon the complaint, the plaintiff thereafter filed a supplemental complaint in one paragraph to which the defendants filed joint and separate answers. Trial by jury; general verdict and answers to interrogatories; judgment and decree for the plaintiff, as prayed.

The appellant Martin alone assigns error, to-wit, as follows:

1. Because the court erred in overruling his motion for a judgment on the verdict of the jury and the answer to the interrogatories.

2. Because the court erred in overruling his motion for a new trial.

3. Because the court erred in rendering judgment against him, there being no verdict on which such judgment could be rendered.

4. Because neither paragraph of the complaint states facts sufficient to constitute a cause of action when separately considered.

We will dispose of the last assignment first. No demurrer was filed to the complaint, nor to any paragraph thereof. The sufficiency of the facts averred in a complaint as a whole may be brought in question here by an assignment of error thereon, but the sufficiency of single paragraphs cannot be separately questioned in that way. That is to say, the assignment of error must be upon the whole complaint, but when so challenged the complaint will be upheld, if any one paragraph is good, or so far good as to come within the rule that defective averments may be deemed cured by the verdict. It is not meant however that when error assigned upon a complaint consisting of several paragraphs, that the complaint will be treated as a unit and upheld if all the paragraphs contain facts sufficient to constitute a cause of action. There must be one good paragraph, when considered by itself, or the error will be deemed well assigned. The assignment under consideration is good, because it puts directly in issue the sufficiency of the whole complaint, considered with reference to each paragraph which is the exact mode in which it must be considered, whatever form of assignment may be adopted. On this subject see the following cases: *Caress* v. *Foster*, 62 Ind. 145; *Smith* v. *Freeman*, 71 id. 85; *The Pittsburg etc. Railroad Co.* v. *Hunt*, 71 id. 229; *Wagoner* v. *Wagoner*, (last term).

Indeed where the complaint contains more than one paragraph, instead of saying that the complaint does not state facts sufficient, etc., it would seem to be a more appropriate formula for the assignment to say " that no paragraph of the complaint states facts sufficient to constitute a cause of action." Such an assignment presents an accurate statement of the exact question which must be passed upon; while an assignment upon the complaint as a whole, does not present the question directly, but only argumentatively, and the argument leads directly to the formula suggested; that is to say in this wise: " The complaint does not state facts sufficient to constitute a cause of action," *because* " no paragraph of the complaint states facts sufficient to constitute a cause of action."

However, the objections advanced to the several paragraphs of the complaint before us are not well made. Each paragraph shows

that the note sued on was given for a part of the price of the land; that no security was taken; that the maker was insolvent; that the land had been conveyed to said Martin, one paragraph avering that he took with actual notice, another that he took with notice and for the purpose of aiding said Samuel in cheating the plaintiff out of his claim, and another that there remained "due and to become due from Martin Higgins to said Samuel Higgins a large balance, to-wit; $7,000 of the amount which said Martin Higgins agreed to pay as the price of said land."

These averments were clearly sufficient to make the respective paragraphs in which they are found good as against said Martin, and there is no claim of defect in any other respect. That the vendor may enforce his lien against a subsequent purchaser without notice, who has not paid the full purchase price, saving the purchaser's rights to the extent of the part of the price paid before he received notice of the first vendor's claim, is well settled by authority, and is manifestly in accordance with the principles of equity and good conscience. *Amory* v. *Reilly*, 9 Ind. 490; *Merritt* v. *Wells*, 18 Ind. 171; *Walker* v. *Cox*, 35 Ind. 271; *Crowfoot* v. *Fink*, 30 Ind. 446; 1 Story's Eq., §§ 1217, 1219; 4 Kent's Comm., side p. 152; 2 Sug. Ven. & Pur., 8 Am. ed., bottom p. 671, note d; 1 Perry on Trusts, §§ 232, 239; *Mackreth* v. *Symmons*, 15 Ves. 329; S. C. 1 Lead. Cas. Eq., pt. 1, side p. 289; *Rhodes* v. *Green*, 36 Ind. 7.

The motion for a new trial was not filed within the time prescribed by the statute, that is to say, at the term of court at which the verdict was rendered, code, sec. 354. There is, therefore, no question before us in reference to that motion, and the causes therein stated for a new trial, including the instructions of the court to the jury and the inquiry, whether the verdict is according to the law and the evidence. This leaves to be considered only the first and third assignments of error.

The verdict and answers to interrogatories, each signed by the foreman of the jury, were as follows: · "We, the jury, find for the plaintiff as against Samuel Higgins, in the sum of $428.14, and that plaintiff is entitled to a vendor's lien on the land mentioned in the complaint, for said sum, as against Martin Higgins and Samuel Higgins."

*Question First.* "Did Samuel Higgins and wife convey to Martin Higgins the lands set out in the first paragraph of the complaint on the 16th day of September, 1876 ? "

*Answer.* " Yes."

*Question Second.* " When Martin Higgins purchased the land of Samuel Higgins, did Martin Higgins know that the plaintiff's claim was for purchase-money, and was unpaid ? "

*Answer.* " No."

*Question Third.* " Did Martin Higgins receive notice of the plaintiff's claim before he paid Samuel Higgins all of the purchase-money for the real estate, and if so, what amount remained unpaid when he received such notice ? "

*Answer.* " Yes—$41.50."

It is manifest that the court committed no error in overruling the motion of the appellant for judgment in his favor. The general verdict is informal, but in terms is distinctly in favor of the plaintiff as against Samuel and Martin Higgins. No objection having been made to it, upon motion for a *venire de novo* or otherwise, the court was warranted in entering a decree thereon against said defendants. There is nothing in the special findings necessarily inconsistent with this conclusion ; for while it is found that Martin Higgins had no notice of the plaintiff's right to a lien when he purchased the land, and that he did have notice before he had paid all the purchase-money to wit, $41.50, it is not found what the purchase price was which he agreed to pay or perform. The sum unpaid at the time of notice, for all that is found, may have been the whole price, or if not the whole price, yet all that was payable in money ; while the remainder may have been yet to be performed or discharged by the delivery or conveyance of other property or in some other supposable manner. The rule is, and has been repeatedly declared, that the general verdict shall not be controlled by the answers to interrogatories, if reconcilible therewith upon any supposable state of facts provable under the pleadings and issues in the case.

Counsel for the appellant insist, however, that the decree should have gone against him for the sum of $41.50 only ; that is to say, for the amount of the purchase-money found to have been unpaid when he received notice of the plaintiff's right to a lien. This

position is overthrown by what we have already said; but if it were conceded that the lien of the plaintiff should have been enforced for that sum only, against the land in the hands of the appellant, the proper steps were not taken to save and present the question. The appellant took no exception to the decree as rendered, and made no motion for a modification. To the extent of said sum of $41.50, at least, the decree was right, and it was erroneous, if at all, only in declaring the lien for a greater sum.

The appellant should have excepted to the amount of the decree as too great, or should have moved for a reduction of the amount to the proper sum, and saved an exception to the ruling on that motion, if adverse.

The judgment of the circuit court is affirmed with costs.

Ferris & Wray, and W. W. Spencer, for appellant.

Adams & Michener, for appellee.