Trammel v. Chipman.

---

No. 7400.

## TRAMMEL v. CHIPMAN.

ASSIGNMENT OF ERROR.—*Sufficiency of Complaint.— Separate Paragraphs.— Practice.—Supreme Court.— Motion.*—The sufficiency of a complaint, as a whole, may be assigned as error in the Supreme Court, and so the sufficiency of each paragraph be brought under review, but separate assignments on the respective paragraphs severally can not be made. An assignment of error, to be good, must be such, if true, as to require the reversal of the judgment; but, if any paragraph of a complaint is good, the sufficiency of other paragraphs can not be questioned, either by a motion in arrest or by an assignment of error that it does not state facts sufficient.

SAME.—The assignment of errors is, in effect, the appellant's complaint in the Supreme Court, and, like the paragraphs of a complaint, each separate specification of error must in itself state a sufficient cause for reversing the judgment.

CONTRACT. — *Correction of.* — *Mutual Mistake.* — *Complaint.* — *Verdict.*—. Where the complaint upon a contract alleges a mutual mistake as to the terms thereof, and shows by its averments exactly what figures the parties agreed upon and intended to have inserted instead of those written therein, it is good on demurrer, and certainly sufficient after verdict.

SAME.—*Conditional Promissory Note.*—*Demand.*—No demand is necessary before suit, upon a promissory note executed payable on condition that the maker should be unable to show that he had forwarded to the payee a certain sum on account of revenue taxes collected by the maker as deputy of the payee.

PRACTICE.—*Answers to Interrogatories.*—Where the answers to interrogatories show that the jury found for the plaintiff upon a good paragraph of complaint, the Supreme Court will not consider the sufficiency of the other paragraphs thereof.

SAME.—*Identical Paragraphs of Complaint.*—*Refusal to compel Election.*— *Harmless Error.*—No available error is committed by the refusal of the trial court to compel a plaintiff to elect between two paragraphs of his complaint, though they be word for word the same, and admitted to be for the same cause of action.

From the Huntington Circuit Court.

*J. R. Coffroth, T. L. Lucas* and *W. H. Trammel,* for appellant.

*M. A. Chipman, J. C. Branyan* and *C. W. Watkins,* for appellee.

WOODS, J.—Complaint in three paragraphs, by the appellee against the appellant; issues of fact; verdict and judgment for the plaintiff, and appeal by the defendant.

The first three assignments of error bring separately in question the sufficiency of the facts averred in the respective paragraphs of the complaint to constitute a cause of action. The sufficiency of the complaint as a whole may be assigned as error, and so the sufficiency of each paragraph be brought under review, but separate assignments on the respective paragraphs severally can not be made. An assignment, to be good, must be such, if true, as to require

the reversal of the judgment; but, if any paragraph of a complaint is good, the sufficiency of other paragraphs can not be questioned, either by a motion in arrest or by an assignment of error that it does not state facts sufficient. Though error be assigned separately upon each of several paragraphs of a complaint, it can not be determined upon any single assignment, that the judgment ought to be reversed; and, though an examination, if made, might lead to the conclusion that each paragraph of the pleading was fatally defective, the judgment must still be affirmed, because there is no single assignment which presents the whole question. A number of defective assignments can not be combined to constitute a good one, any more than several insufficient paragraphs of a complaint can be deemed to make a good complaint. The assignment of errors is, in effect, the appellant's complaint in this court, and, like the paragraphs of a complaint, each separate specification must in itself state a sufficient cause for reversing the judgment. On this subject, see *Higgins* v. *Kendall*, 73 Ind. 522, and cases there cited; *McCallister* v. *Mount*, 73 Ind. 559.

The eighth assignment, however, is upon the whole complaint, and requires a decision whether any paragraph is sufficient. The first and second are subtantially the same, and are based on the following instrument, to wit:

"HUNTINGTON, IND., April 14th, 1869.

"On or before three months after date, I promise to pay to the order of D. C. Chipman the sum of two hundred and ninety-four and $\frac{33}{100}$ dollars, without relief from valuation laws, upon the following conditions: That, if I am able to show that, as deputy collector of Huntington county, I forwarded to the said Chipman the sum of $48,968.64 for internal revenue taxes, then this note is to be void, else to remain in full force for any amount not exceeding $294.33.

"Witness my hand and seal.

(Signed)    "WM. H. TRAMMEL."

These paragraphs each show that from July 15th, 1862, to the 30th day of November, 1866, the plaintiff had been the collector of internal revenue for the Eleventh Revenue District of Indiana, and that the defendant had been his deputy collector for the county of Huntington; that the defendant had failed to pay over to the plaintiff the sum of $300, collected by him as such deputy during the month of February, 1865, for which sum, less his commission thereon, he executed to the plaintiff said note; that there was a mistake in the drawing of said instrument, in this, that it was intended and agreed by the parties that in the conditional clause of the note it should read "$49,232.45," instead of "$48,968.64," as the same is written.

The chief objection urged against these paragraphs of the complaint is, that they do not aver such a mutual mistake as to entitle the plaintiff to a correction of the contract; and in support of the objection the following cases are cited: *Baldwin* v. *Kerlin*, 46 Ind. 426; *Barnes* v. *Bartlett*, 47 Ind. 98; *Nicholson* v. *Caress*, 59 Ind. 39; *Easter* v. *Severin*, 64 Ind. 375; *Schoonover* v. *Dougherty*, 65 Ind. 463. The averments show exactly what figures the parties agreed and intended to have inserted, and that by mistake other figures were inserted instead. This would be good upon demurrer, and is certainly sufficient after verdict. *The Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294.

No demand was necessary before bringing suit on this contract. The answers to interrogatories show that the jury found for the plaintiff upon the first and second paragraphs of the complaint, and, these being good, we need not consider whether or not the third was good. *The Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261.

The overruling of the appellant's motion for a new trial is also assigned for error, and under this head it is insisted that the alleged mistake in the contract is not proven by sufficient evidence. It was clearly shown that the total sum

remitted by the appellant to the appellee, or paid over and accounted for was $48,968.64; that the collections made by the appellant in February, 1865, were $851.08, while only $551.08 seemed to have been accounted for and remitted. This deficiency was discovered by the parties, and the instrument sued on was executed therefor, but as appellant was insisting that remittances had been made covering the apparent deficiency, the conditional clause was inserted, the intention of the parties being to insert in said clause the total sum which the appellant ought to have accounted for, including the difference between $851.08 and $551.08 aforenamed, about which there was no dispute, and which, added to the sum actually accounted for by the appellant, makes the total which should have been accounted for, the sum of $49,268.64. While the evidence does not show that these figures were mentioned or agreed on between the parties as expressing the sum which should be inserted in the contract, it does show that they did intend to insert therein the actual sum total for which the appellant was accountable, but, instead of inserting the proper amount, the appellant, who drew the instrument, inserted, presumably by mistake, the amount which he had actually already paid over and had credit for, thereby making the contract an absurd nullity. The jury, by its answers to interrogatories, have expressly found the mistake alleged, showing that their general verdict for the plaintiff rests on the first or second paragraph of the complaint, and, upon the evidence as set forth in the record, we should not be justified in disturbing their conclusion.

There was no available error in the refusal of the court to compel the plaintiff to elect between the first and second paragraphs of the complaint. Had they been word for word the same, and contained an express admission that each was for the same cause of action set forth in the other, we could not reverse the judgment on that account, because the mer-

its of the case would not be involved. On such questions the rulings of the circuit court must be deemed final.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.