No. 8208.

## SHRYER ET AL. *v.* MORGAN.

PAYMENT.—The transfer of a credit, by the agreement of all the parties, may operate as a payment.

VENDOR AND PURCHASER.—*Contract.—Verdict.—Special Finding.—*A complaint averred a parol contract with S. for the purchase from him of a tract of land, and the payment thereon by the plaintiff of $200, and by one E., for the plaintiff, of $800, and that S. refused to execute the contract or to repay the money received thereon. There was a general verdict for the plaintiff for the money so alleged to have been paid, together with several special findings, one of which was that the contract did not require S. to convey until he had first received the $800.

Shryer *et al. v.* Morgan.

*Held*, that this special finding was not inconsistent with the general verdict.

SAME.—*Damages.*—Where one refuses to perform a parol contract to convey lands, a subsequent depreciation in the value of the land can not affect the amount of the recovery in a suit for the purchase-money received by him.

INSTRUCTIONS.—*Harmless Error.*—Immaterial instructions given, which from their nature could not have injured the appellant, will not entitle him to a new trial.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short*, for appellants.

*A. G. Cavins* and *E. H. C. Cavins*, for appellee.

MORRIS, C.—This suit was brought by the appellee against the appellants to recover $1,000, and some three years' interest accrued thereon.

The complaint states, that, on the 14th day of July, 1875, the defendants were the joint owners of eighty acres of land; that they sold the same to the appellee, and executed and delivered to him a memorandum containing the terms of said sale; that the appellee paid to said East, in cash, $800, and agreed to pay $200 more within thirty days, at which time a deed was to be executed to him for said land; that the price of the land was $3,200; that $1,000 was to be paid in one, and $1,200 in two years, with ten per cent. interest, and to be secured by the notes of the appellee and a mortgage upon the land; that before the expiration of the thirty days East conveyed his interest in the land to Shryer; that on the 20th day of December, 1875, in consideration of $800, paid by East to Shryer, and $200 paid by the appellee to him at the same time, Shryer agreed to carry out and perfect the sale of said land so made by said East to the appellee, to make him a deed for the same immediately; that Shryer refused to comply with his said agreement, and rescinded the same on the 12th day of October, 1877, without refunding the purchase-money.

The written memorandum, which is made a part of the complaint, is as follows :

"WORTHINGTON, July 14th, 1875.

"This agreement witnesseth : That I have this day sold to B. F. Morgan the north eighty acres of prairie land owned by Godfrey Shryer and myself jointly, for $3,200, $800 of which is paid down, $200 in thirty days, and balance in one and two years, with ten per cent. interest, secured by mortgage on the premises ; said Morgan to have the rents for this year, and deed to be executed during next thirty days ; taxes to be paid by purchaser, for 1875.        HUGHES EAST."

East made default, and the complaint was taken as con-fessed against him.

Shryer appeared and demurred to the complaint. The demurrer was overruled. He then answered the complaint in two paragraphs. He also filed a counter-claim. The appellee replied to the answer by a denial ; he also answered the counter-claim by denial.

After several trials the appellee succeeded in obtaining a verdict. The appellant Shryer moved for a judgment upon the special findings of the jury in his favor, which was over-ruled. He then moved for a *venire de novo,* which was also overruled. He also moved for a new trial. The motion was overruled, and judgment rendered upon the verdict for $1,150. A bill of exceptions was filed, purporting to con-tain all the evidence in the case, and the instructions given to the jury by the court upon its own motion.

The errors assigned are as follows :

1. The court erred in overruling the appellant's motion for a *venire de novo.*

2. The court erred in overruling the motion of appellant for a new trial.

The motion for a *venire de novo* is urged upon the ground that the answers of the jury to special interrogatories filed

in the cause are in conflict with the general verdict. The interrogatories and answers thereto are as follows:

"1. How much money, if any, has Morgan, the plaintiff, himself paid to Shryer, the defendant, in person on the land sale in question? Ans. Two hundred dollars.

"2. How much, if any, has any one else paid the defendant Shryer in person for the plaintiff, Morgan, on the sale in controversy, and by whom and how was such money paid, if any? Ans. None.

"3. Was there any agreement made between Shryer and Morgan, by which Morgan paid to Shryer two hundred dollars on the land trade in controversy, and by which Shryer agreed to look to East for the payment of eight hundred dollars, and unconditionally agreed to make Morgan a deed for the land? Ans. Yes.

"4. Was the agreement, if any, between Morgan and Shryer in reference to deeding the land, that Shryer was first to receive the unpaid balance of the one thousand dollars—the first payment—before he made said deed? Ans. Yes.

"5. Did Shryer, prior to Morgan's contract with East in reference to the land, give East authority to make such contract and to sell his interest in said land? Ans. Yes.

"6. At the time of the execution of the contract by East and Morgan, in reference to the land in controversy, were East and Shryer partners, engaged in the sale of land, and, as such partners, did they own and hold the land in question for sale? Ans. Yes.

"7. At the time of the execution of the contract between East and Morgan, did Shryer, or did East, with the knowledge and consent of Shryer, hold out to the public that a partnership existed between East and Shryer in the business of dealing in lands, which partnership embraced the lands in controversy? Ans. Yes."

It is earnestly insisted by the appellant, that the answer

to the fourth interrogatory is inconsistent with the general verdict, and that the answer is not reconcilable with the general verdict upon any state of facts that could have been proved under the pleadings and issues in the case.

The written contract between East and the appellee, of July 14th, 1875, if valid as between them, did not bind the appellant. It is executed by East alone, not by him on behalf of himself and the appellant, nor on their behalf as a firm. The appellant's liability, if liable at all, grows out of the verbal contract of December 20th, 1875. The averment of the complaint is, "that, on the 20th day of December, 1875, in consideration of $800, paid by Hughes East to the said Godfrey Shryer for the plaintiff, as, also, the further sum of $200, paid by the plaintiff to the said Godfrey Shryer therefor, he agreed to carry out and perfect said sale of said tract of land so made to the said plaintiff by the defendants by said Hughes East as aforesaid; also, to immediately make the plaintiff a deed therefor."

If it had been agreed between the appellant and the appellee, that the former would accept and receive the undertaking and promise of East to pay him the $800 which the appellee had paid East on the land, as a payment to him of that amount by the appellee, such agreement would, in legal contemplation, be equivalent to a payment of that sum by the appellee to the appellant, if assented to by East, and proof of such payment would have been admissible in support of the averment in the complaint that that sum had been agreed to be paid by East to the appellant for the appellee. *Wolcott* v. *Ensign*, 53 Ind. 70.

The transfer of a credit may, by the agreement of all the parties, operate as a payment. *Eyles* v. *Ellis*, 4 Bing. 112; *Wilson* v. *Coupland*, 5 B. & Ald. 228. As the testimony introduced by the appellee on the trial of the cause showed that the arrangement made between the parties on the 20th of December, 1875, was, that the appellant should take East

for the $800 paid him by the appellee on the land, the court below would have allowed the appellee to amend his complaint, if necessary, to correspond with the facts proved; this court may regard that amendment as having been made. *White* v. *Stellwagon*, 54 Ind. 186.

In this view of the case, it is quite immaterial whether East had in fact paid the appellant the $800 or not. If the agreement of the parties was that he should do so, that, so far as the appellee was concerned, constituted the payment. The answer to the fourth interrogatory could not therefore be held to be inconsistent with a state of the facts provable under the pleadings and issues in the case. *Higgins* v. *Kendall*, 73 Ind. 522.

In answer to the third interrogatory, the jury expressly find that the appellant agreed to take East for the $800, and to make the deed. This is consistent with the answers to the other interrogatories.

We think the court did not err in overruling the motion for a *venire de novo*.

The grounds upon which a new trial is asked are as follows:

1. Because the damages assessed by the jury are excessive.

2. Because the damage, as assessed, is too large.

3. Because the verdict is not sustained by sufficient evidence.

4. Because the verdict is contrary to law.

5. Because the court erred in giving to the jury, of its own motion, instructions from one to eight, inclusive, and in giving each of said instructions.

We can not say that the damages were excessive. The amount paid by the appellee, with interest accrued thereon, would exceed the amount of the verdict. This is admitted by the appellant, but he insists that he should be allowed something for the depreciation in value of the land which he had agreed to convey to the appellee, but which he failed

and refused to convey as agreed. We can not assent to this view of the .case. Had he conveyed as he had agreed, he would have suffered no loss by the depreciation of the land. His failure to do that which he had agreed to do does not entitle him to remuneration for any loss resulting from such failure.

East testified on the trial to the following facts: "I told Shryer my financial condition, and Shryer gave Morgan a .receipt for $200 and took the money, and assured Morgan that he would carry out the contract I made with him. Morgan. went away feeling satisfied. I assured Shryer I would settle the balance, and he took me for it.

The appellee testified that Shryer took the $200, and promised to make the deed in two weeks. The testimony showed a failure on the part of, the appellant to make the deed as promised, and a final refusal to make it until East paid the $800. East testified that Shryer owed him some $400 at the time he took him for the $800, and that he had at that time notes in his hands belonging to the witness, for collection. Under these circumstances, we can not say that the damages were excessive. We have looked through the evidence, and think it tends very strongly to sustain the verdict.

The counsel for the appellant say: "The only objection we make to the instructions of the court is, that they were limited to one point which was not an issue in the pleadings, and were, for that reason, calculated to mislead the jury by giving prominence to this one supposed issue."

We have examined the instructions, and, admitting them to be immaterial, we are unable to see how they could operate to the injury or prejudice of the appellant.

We think there is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.