Carr *et al. v.* State, *ex rel.* Attorney General.

---

No. 8033.

CARR ET AL. *v.* STATE, EX REL. ATTORNEY GENERAL.

SUPREME COURT.— *Assignment of Error.*—Where a complaint consists of more than one paragraph, the sufficiency of a single paragraph thereof can not be questioned for the first time in the Supreme Court.

COUNTY CLERK.—*Official Bond.*—*Complaint.*—As to the sufficiency on demurrer of the complaint on the bond of a county clerk, to recover for fines, docket and witness fees collected by him, see opinion.

SAME.—*Docket and Witness Fees.*—*Fines and Forfeitures.*—*Attorney General.*—*Prosecuting Attorney.*—*Statute Construed.*—It is the duty of the clerk—R. S. 1881, section 5858—to pay docket fees to the treasurer within thirty days after collection; also on the first of January, annually, all fines, jury fees, and witness fees not claimed for a year; also the proceeds of sales of real estate of unknown heirs—section 2412; also, when after the lapse of two years from final settlement of an estate, heirs do not claim the surplus, and the court directs the payment—section 2415; and on default the Attorney General may, at once, under section 5668, sue for the same; but for default as to fines and forfeitures, and for property escheating to or belonging to the State, he has no duty to perform until a year has elapsed from the time the cause of action has accrued, and then only if the prosecuting attorney has failed, neglected, or refused to collect or begin suit.

SAME.—*Repeal.*—*Case Disapproved.*—Section 5668, R. S. 1881, is not so inconsistent with sections 4435, 5611 and 5616, or either of them, as to repeal them. *Moore* v. *State, ex rel.,* 55 Ind. 360, disapproved on this point.

SAME.—*Statute of Limitations.*—*Principal and Surety.*—In a suit against the county clerk and his sureties, on his bond, it is error to sustain a demurrer to an answer by the clerk, that the cause of action did not accrue within three years, and the error can not be regarded as harmless because there was a similar defence pleaded by the sureties in another paragraph, nor because the judgment against the clerk was no larger than against the sureties; nor can the suit be regarded as upon the bond against the

sureties, and against the clerk as not upon the bond, so as to make the period of limitation, as to him, six years, as provided in section 293, R. S. 1881.

SAME.—*Payment After Suit.*—*Semble,* that a county clerk, pending a suit on his bond, may pay, as he ought before suit, to the proper officer, and, under proper issues, proof of such payment is admissible; but this would not affect the plaintiff's right to costs and penalties.

From the Henry Circuit Court.

*M. E. Forkner, J. H. Mellett* and *E. H. Bundy,* for appellants.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *W. Grose,* for appellee.

WOODS, J.—Complaint in two paragraphs upon the official bond, as county clerk, of the appellant Carr. The specifications of error assigned are in substance as follows:

1st. The overruling of the demurrer to the first paragraph of the complaint.

2d. That the second paragraph of the complaint does not state facts sufficient to constitute a cause of action.

3d. The sustaining of the demurrer to the second, fifth, seventh, eighth and tenth paragraphs, respectively, of the defendants' answer.

4th. The overruling of the appellants' motions for a new trial, to set aside the report of the referee, to strike out parts of the referee's report, for a more specific bill of particulars with the complaint, and to strike out part of the complaint.

It may be assigned for error in this court that an entire complaint does not state facts sufficient to constitute a cause of action, code of 1852, section 54; Revision of 1881, p. 63, section 343; but it is well settled that such an assignment can not be made in reference to one of several paragraphs of a complaint. *McCallister* v. *Mount,* 73 Ind. 559; *Higgins* v. *Kendall,* 73 Ind. 522; *Trammel* v. *Chipman,* 74 Ind. 474. The question of the sufficiency of the second paragraph of the complaint is, therefore, not presented.

The first and second objections stated in the demurrer to the first paragraph of the complaint are to the effect that, in-

stead of the attorney general, the treasurer or the board of commissioners of the county ought to have been the relator. But it is conceded that the point has been ruled against the appellants in *Moore* v. *The State, ex rel.,* 55 Ind. 360.

It is further insisted that the paragraph does not state facts sufficient; that its averments are confused and unintelligible, and show no default in the clerk; that it is not shown that " the officer whose duty it was to collect the same, had failed, neglected or refused for twelve months after the cause of action in favor of such officer or the State had accrued, to sue for and proceed to collect the same," that is to say, the moneys now sued for, Acts 1873, p. 20, sec. 9; that it is not stated when the several amounts were collected, nor when they should have been paid into the treasury, under the laws on the subject.

The material averments of this paragraph are: That in October, 1872, the defendant Carr was duly elected the clerk of the Henry Circuit Court, and on the 4th day of November, 1872, was commissioned, gave bond, qualified, and entered upon the duties of the office, and from that date until November 4th, 1876, continuously performed the duties thereof, and during the time between said dates, and by virtue of his office, collected large sums of money, to wit: Fines and forfeitures, the sum of $600; court docket fees, $500; unclaimed witness fees, $800; moneys in estates, $500; in the aggregate, $2,400; which he was required by law to pay over to the treasurer of the county, "and for breach of the condition of said bond, which was executed by the other defendants, a copy of which is filed herewith, and made a part hereof, as ' Exhibit A,' promised and agreed that said Carr would faithfully discharge his duties as clerk of said county, and pay over all moneys which would come to his hands by virtue of his said office according to law, and plaintiff says he failed, refused and neglected so to do, and that there is due, owing and unpaid to plaintiff, the aforesaid sum of $2,400, together with interest from the date the same should have been paid; that before the commencement of this suit, to wit, on the 29th day of March,

1877, the plaintiff, by her attorney, demanded of and from said defendants said sums of money, and that payment thereof was by them refused. Wherefore," etc.

The bond is in the usual form, and need not be set out here. Notwithstanding its ill-constructed and imperfect sentences, we think the paragraph states intelligibly a sufficient breach of the bond to make it good on demurrer.

It was the duty of the clerk of a circuit court, within thirty days after collecting the same, to pay to the treasurer of his county all docket fees received by him on account of the business of his court. 1 R. S. 1876, p. 776, section 6.

It was his duty on the 1st day of January of each year, to pay to the treasurer of his county, all fines, jury fees, and witness fees which have remained unclaimed for one year.

It was also his duty, under section 142 of the law governing the settlement of decedents' estates, upon receipt of the same, to pay over to the county treasurer the proceeds of the sale of real estate, where there are no heirs to claim it; and under section 143 of the same act, "If, after the expiration of two years from the final settlement of an estate, no heirs appear to claim the surplus, or any part thereof, the court shall direct it to be paid over to the county treasurer, to be by him paid over to the treasurer of state," etc.

This suit is brought under section 9 of the act of March 10th, 1873, Acts 1873, p. 18. The section reads as follows:

"Sec. 9. It shall be the further duty of the attorney general to ascertain from time to time the amounts paid to any public officer of the State, or any county officer, or other person, for unclaimed witness fees, court docket fees, license, money unclaimed in estates or guardianships, fines or forfeitures, or moneys that escheat to the State for want of heirs, or from any other source where the same is by any law required to be paid to the State, or any officer in trust for the State; and in all cases where the officers whose duty it shall be to collect the same shall fail, neglect or refuse for twelve months after the cause of action in favor of the State shall have accrued, or

shall fail, neglect or refuse to sue for and proceed to recover any property belonging to or which may escheat to the State, the said attorney general shall institute or cause to be instituted and prosecuted all necessary proceedings to compel the payment of or recovery of any such property."

By the 6th and 7th clauses of the 2d section of the act of May 27th, 1852, 1 R. S. 1876, p. 156 (Revision of 1881, sections 5611 and 5616), the auditor of state was authorized to "Institute and prosecute, in the name of the State, all proper suits for the recovery of any debts, moneys or property of the State, or for the ascertainment of any right or liability concerning the same;" and to "Direct and superintend the collection of all moneys due to the State, and employ counsel to prosecute suits instituted at his instance, on behalf of the State."

By section 7 of the act of March 8th, 1873, Revision of 1881, sec. 4435, the county superintendent of schools was authorized in certain instances "to institute suit in the name of the State of Indiana for the recovery of" "interest, fines, forfeitures, licenses, or other claims due the school funds and revenues of the State," from certain public officers, including county clerks.

Commenting on these statutory provisions, it was said in *Moore* v. *The State, ex rel., supra :* "It is apparent that, as to the officer who shall institute suits on behalf of the State, section 9 of the latter act" (act of March 10th, 1873, *supra*), "in reference to the matters herein mentioned, is in conflict with the 6th and 7th clauses of section 2 in the former act; so far, therefore, the former act must be held as repealed. And by section 7 of the act of March 8th, 1873, the county superintendent of common schools was the proper officer to institute such actions to recover several of the various funds claimed in this suit. (1 R. S. 1876, p. 816.) But section 9, *supra*, is the last expression of the legislative will, and therefore must control."

In the case of *The State, ex rel. Attorney General,* v. *Denny,* 67 Ind. 148, this court again had under consideration what was the proper construction of section 9 of the act of 1873,

and made the following declaration of the conclusion then reached: " It is the true intent and meaning of this supplemental act, as we construe its provisions, that the attorney general of the State shall be and is thereby authorized to collect at once, with or without suit, all amounts paid to any public officer of the State, or any county officer, or other person, and not paid by such officer or person into the proper treasury, as required by law, for unclaimed witness fees, court docket fees, license, money unclaimed in estates or guardianships, fines or forfeitures, or moneys that escheat to the State for want of heirs, and all amounts due from any other source, where the same was, by any law, required to be paid to the State, or any officer in trust for the State; *except* as to fines, forfeitures, and property eschcating or belonging to the State, which he may not collect, with or without suit, or sue for the recovery of, until after the expiration of one year from the time the cause of action has accrued therefor, and then only in the event that the proper prosecuting attorney has failed, neglected or refused, for and during the said year, to collect the same, or to institute proceedings for the recovery thereof."

With this construction we are content to abide. It permits the attorney general, as from time to time he may ascertain that there is proper cause for it, to bring suits in behalf of the State, though he is not required to sue, except in cases where other officers whose duty it shall be to collect or sue shall fail or refuse to act for twelve months after the cause of action in favor of the State shall have accrued. We perceive no reason for saying that there is any inconsistency between this act, which confers upon the attorney general power to collect and to sue, and the previous acts referred to, which conferred similar powers on other officers. They may well stand all together, and whichever officer first institutes a suit will have the precedence. Repeals by implication are not favored, and we disapprove of the *dictum*—it is nothing more than a *dictum*—in *Moore* v. *The State, ex rel., supra,* to the effect that the former acts are repealed by the latter. There is as

much reason for saying that the earlier acts were inconsistent with each other, as that they are in conflict with the act of 1873.

Under the rule enunciated in *The State* v. *Denny, supra,* it is clear that the first paragraph of the complaint shows a cause of action as to some of the items sued for. The suit was commenced on the 30th of March, 1877, for moneys charged to have come into the hands of the principal defendant, for fines, docket fees, witness fees, etc., prior to the 4th day of November, 1876.

In the second paragraph of answer, in which all the defendants joined, and to which a demurrer for want of facts was sustained, it was alleged "that the cause of action sued on, and each part thereof, accrued to the plaintiff more than three years before the bringing of this suit."

The attorney general does not dispute the sufficiency of this plea, but claims that the error of sustaining the demurrer is cured by the ninth paragraph of answer, which is substantially the same in averment as the second. There is, however, this difference, which seems to be material, that Carr, the principal in the bond, does not join in the ninth paragraph.

The language of the code on the subject is this:

"All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty," (must be brought) " within three years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six years." R. S. 1881, section 293.

This action is upon the bond, and consequently all the parties were entitled to avail themselves of the three years limitation. It can not be treated as an action to recover money by him collected as against Carr, without reference to the bond, and as a suit upon the bond as to the other defendants.

There can properly be no such mixture of different kinds and causes of action against different parties in the same complaint. Neither can it be said that the error was harmless, because the damages assessed against Carr were not greater than the amount found against his co-defendants, who had the benefit of the plea. He had the right to rely upon his exception to the erroneous ruling, and to permit the trial between the other parties upon an issue in which he had been denied the right to join, to go as it might.

There is some discussion in the briefs in reference to the right of the defendant Carr, after the suit had been commenced and before the service of the summons, to make payment to the county treasurer of any of the money sued for, and to direct the application of the payments so made. We perceive no reason why it was not lawful for him to pay to the county treasurer, pending the suit, any sums which he ought to have so paid without suit, and, having the right to pay, he clearly had the right to control the application of the payments. Under proper issues, the proof of such payments, made at any time before verdict, would seem to be admissible as affecting the amount of the recovery, but, of course, not affecting the right of the plaintiff to recover costs and penalties, which otherwise would be recoverable. Whether the attorney general would be entitled to claim fees for and out of the sums so paid, we do not consider.

The other points made, both upon the errors and cross-errors assigned, are not such as require present consideration.

The judgment of the circuit court is reversed, with instructions to overrule the demurrer to the second paragraph of the answer.