*No. 9561.*

COFFEEN ET AL. *v.* McCORD.

PRACTICE.—*Supreme Court.—Demurrer.—Interrogatory.*—An error committed in overruling a demurrer to a special paragraph of an answer will not reverse the judgment where the jury find, in answer to an·interrogatory, that the plaintiff was not entitled to recover upon his complaint.

SAME.—*Instructions.—Exceptions.*—Instructions given by the court will not be considered unless exceptions are reserved to them in the trial court.

From the Madison Circuit Court.

*O. J. Lotz,* for appellants.

*J. W. Sansberry* and *M. A. Chipman,* for appellee.

BEST, C.—This action was brought by the appellants against the appellee. Their complaint consisted of two paragraphs. The first averred substantially that the appellants, as partners, on the 15th of July, 1880, entered into a written contract with the appellee, whereby they agreed to construct for him a marble monument of a certain size, with specified inscriptions, and to deliver the same to him during the month of September, 1880, unless prevented by unforeseen causes, and in that case within a reasonable time thereafter, for which the appellee agreed to pay them ninety dollars upon delivery; that in pursuance of said contract the appellants constructed said monument and tendered the same to the appellee in accordance with the terms of said contract, but that he refused to accept the same; that appellants are ready and willing to deliver said monument, and that the purchase price is due and remains unpaid.

The second paragraph was the common count for goods sold and delivered.

The appellee filed an answer of two paragraphs. The first was a general denial, and the second, directed to the first paragraph of the complaint, averred that the monument was sold by sample; that it was not constructed and tendered to him till long after the time for its delivery, and that it was not finished in a workmanlike manner, nor in accordance with the sample.

A demurrer was overruled to the second paragraph of the answer, a reply filed, a trial had, a verdict returned for the appellee, and, over a motion for a new trial, judgment was rendered upon the verdict.

The appellants assign as error the order of the court in overruling the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

The ruling of the court upon the demurrer is wholly immaterial, as the jury found in answer to an interrogatory, that the appellants did not construct the monument in accordance with the terms of the contract. If so, they were not entitled

to recover upon the issue formed by the first paragraph of the complaint and the general denial, and, therefore, they were not injured by the ruling on the demurrer to the special paragraph. A judgment will not be reversed for an error in overruling a demurrer to a special paragraph of an answer, where the jury find in answer to an interrogatory, that the plaintiffs were not entitled to recover upon their complaint. *Trammel* v. *Chipman*, 74 Ind. 474; *Bidinger* v. *Bishop*, 76 Ind. 244.

It is, therefore, unnecessary to determine whether the ruling upon the demurrer was right or wrong.

The motion for a new trial was based upon the ground that the court erred in giving, of its own motion, instructions numbered from one to eight, inclusive.

The evidence is not in the record; the instructions are not signed by the judge, and no exceptions seem to have been taken to them in the court below. Under these circumstances we can not consider them. There does not appear to be any error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.