Lake *et al. v.* Lake.

Filed Jan. 23, 1885.

---

No. 11,829.

## LAKE ET AL. *v.* LAKE.

FRAUDULENT CONVEYANCE.—*Assumpsit.—Trial.—Equity.*—Where a complaint, as in assumpsit, is to recover a sum of money, and also to subject certain lands fraudulently conveyed to the payment of the judgment, the latter branch of the case is not, under section 409, R. S. 1881, triable by jury, and such a trial is fatal error.

ASSIGNMENT OF ERROR.—Where two or more appellants assign error jointly, any error assigned which is good only as to one of the appellants will not be available.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellants.

*W. R. Harrison* and *W. E. McCord*, for appellee.

BICKNELL, C. C.—The appellee complained of the appellants in two paragraphs. The first paragraph alleges that the defendant Elizabeth Lake, Sr., being indebted to the plaintiff in the sum of $500, conveyed to her co-defendant George Lake eighty acres of land, without consideration, with intent to defraud the plaintiff and other creditors; that said George Lake received said conveyance with knowledge of said fraudulent intent, and that said Elizabeth Lake, Sr., has no other property out of which said debt can be made.

The second paragraph alleges that said Elizabeth Lake, Sr., on January 1st, 1884, being indebted as aforesaid, conveyed to said George Lake eighty acres of land without other consideration than his agreement for her subsequent support and maintenance; that when said conveyance was made she had no other property subject to execution of which said George Lake had notice.

The complaint demands judgment against said Elizabeth Lake, Sr., for $500, and that the land be sold to satisfy the debt, and all other proper relief. The defendants answered jointly in four paragraphs, viz.:

1. The general denial.

2. Set-off.

3. Payment.

4. The statute of limitations of six years.

The plaintiff replied in denial. The court awarded a trial by jury, the defendants objecting thereto and excepting, but the parties afterwards agreed to a trial by eight jurors. The jury returned a verdict for the plaintiff for $125, and with their verdict they returned interrogatories submitted to them by the court, and their answers to the same.

The defendants separately moved for judgment in their favor upon the answers to the interrogatories. These motions were overruled. The defendants separately moved for a *venire de novo*. These motions were overruled. The defendants also moved separately for a new trial and in arrest of judgment, and these motions were overruled.

A personal judgment was rendered on the verdict against the said Elizabeth Lake, Sr., with a decree that the land conveyed as aforesaid be sold to satisfy the judgment. The record states that the defendant George Lake "excepted to the finding and judgment." The defendants appealed. They assign errors jointly as follows:

1. Granting a trial by jury.

2. That the first paragraph of the complaint does not state facts sufficient to constitute a cause of action.

Lake *et al. v.* Lake.

3. That the second paragraph of the complaint does not state facts sufficient, etc.

4. Error in giving to the jury instructions numbered from 1 to 17, inclusively.

5. Error in overruling the motion of the said Elizabeth Lake, Sr., for judgment in her favor on the answers to the interrogatories.

6. Error in overruling the motion of the defendant George Lake for judgment in his favor on the answers to the interrogatories.

7. Overruling the motion of said Elizabeth for a *venire de novo.*

8. Overruling the motion of said George Lake for a *venire de novo.*

9. Overruling the motion of said Elizabeth for a new trial.

10. Overruling the motion of said George Lake for a new trial.

11. Overruling the motion of said Elizabeth in arrest of judgment.

12. Overruling the motion of said George Lake in arrest of judgment.

13. Rendering a personal judgment against said Elizabeth when the verdict was against both the defendants.

14. Rendering judgment subjecting the lands of George Lake to sale to satisfy the judgment against said Elizabeth.

There was no demurrer to the complaint or either of its paragraphs. The second and third specifications of error, each of which alleges insufficiency of facts as to a single paragraph of the complaint, present no question.

The statute, R. S. 1881, section 343, provides that the sufficiency of the complaint, as a whole, may be questioned for the first time in this court on appeal by a proper assignment of error, but the sufficiency of separate paragraphs of the complaint can not be thus questioned. *Wagner* v. *Wagner,* 73 Ind. 135; *Higgins* v. *Kendall,* 73 Ind. 522; *McCallister*

v. *Mount,* 73 Ind. 559; *Trammel* v. *Chipman,* 74 Ind. 474; *Schuff* v. *Ransom,* 79 Ind. 458; *Carr* v. *State, ex rel.,* 81 Ind. 342; *Haymond* v. *Saucer,* 84 Ind. 3.

A number of defective assignments can not be combined to constitute a good one, any more than several insufficient paragraphs of a complaint can be deemed to make a good complaint. The assignment of errors is in effect the appellants' complaint in this court, and, like the paragraphs of a complaint, each separate specification must in itself state a sufficient cause for reversing the judgment. *Trammel* v. *Chipman, supra.*

The fourth specification of the assignment of errors is that the court erred in its instructions. This is not an available assignment of error. *Breckenridge* v. *McAfee,* 54 Ind. 141. All of the remaining specifications of error, except the first, allege errors against one of the defendants. A joint assignment of errors, with specifications against a single defendant, presents no question. *Boyd* v. *Pfeifer,* 95 Ind. 599; *Owen* v. *Cooper,* 46 Ind. 524; *Durham* v. *Craig,* 79 Ind. 117; *Eichbredt* v. *Angerman,* 80 Ind. 208; *Towell* v. *Hollweg,* 81 Ind. 154; *Feeney* v. *Mazelin,* 87 Ind. 226.

The first specification of error is that the court erred in granting the appellee a trial by jury over the objection of the appellants. A part of the relief sought by the complaint was such as prior to June 18th, 1852, could be granted only in a court of equity. Under section 409, R. S. 1881, such causes must be tried by the court.

In *Hendricks* v. *Frank,* 86 Ind. 278, a judgment was reversed because after the code of 1881 took effect the issues, in a suit formerly of equitable jurisdiction exclusively, were submitted to a jury for trial over the objection and exception of the appellants. In *Evans* v. *Nealis,* 87 Ind. 262, the court below, in a cause of like equitable jurisdiction, ordered a jury to be empanelled to try the questions of fact in the case, and the jury returned a special verdict. On the return of the verdict, the court made its own finding, embracing some

of the findings of the jury, and also stating additional facts, upon which, and upon the information furnished by the special verdict, the court rendered its judgment. This was held to be substantially in accordance with section 409, *supra*. In *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487, it was held error to submit such an equitable cause to a jury for trial as an action at law. In the case at bar the court below, over the objection of the appellants, submitted the issues for trial to a jury as in an action at law, and rendered judgment on the verdict of the jury. For this error the judgment must be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed Jan. 9, 1885. Petition for a rehearing overruled March 12, 1885.