No. 986.

## DE VAY v. DUNLAP.

APPELLATE COURT PRACTICE.—*Sufficiency of Complaint.*—*How Tested.*
—The sufficiency of a complaint can only be questioned for the first
time, on appeal, as a whole, and in order to test the sufficiency of
each paragraph separately, demurrers must be filed in the trial
court, and the rulings thereon assigned as error.

STATUTE OF LIMITATIONS.—*When Available as a Defense.*—That the
statute of limitations may be available as a defense, it must be
pleaded, unless the complaint shows affirmatively that the plaintiff
is barred, notwithstanding the exceptions.

SAME.—*Written Contract to Pay Money.*—A written instrument which
reads as follows:  "Received of Mrs. Lydia Dunlap the sum of four
hundred dollars, on deposit.

"$400.00.                                    WM. O. DE VAY,"
constitutes a contract for the payment of money, and is governed by
the ten years' statute of limitation.

ASSIGNMENT OF ERRORS.—*Joint 'Assignment.*—*When Unavailable.*—
Where the reasons assigned for a new trial are stated jointly, the
assignment can avail nothing if any of such causes is insufficient of
itself to authorize a new trial.

EVIDENCE.—*Money Demand Over-Due.*—*Delay in Bringing Suit Explain-
able.*—In an action on a money demand, where the issues are gen-
eral denial and payment, and the action was not brought for a long
time after the money was due, the delay, being a circumstance to
be considered by the jury against plaintiff, may be explained, if
possible.

From the Marion Circuit Court.

R. O. Hawkins and H. E. Smith, for appellant.
C. S. Denny and W. F. Elliott, for appellee.

GAVIN, C. J.—Appellee filed her complaint in two
paragraphs, seeking to recover moneys alleged to have
been deposited by her with appellant, to be repaid with
interest. The first paragraph counted upon a verbal
contract. The second was based upon a written receipt
or certificate, executed by appellant.

Section 343, R. S. 1881, only authorizes the sufficiency

of the complaint as a whole, to be presented on appeal by assignment of error. In order to test the sufficiency of the several paragraphs separately, demurrers must be filed in the court below, and the rulings upon demurrer assigned as error here. *Trammel* v. *Chipman*, 74 Ind. 474; *Carr* v. *State, ex rel.*, 81 Ind. 342; *Tachau* v. *Fiedelday*, 81 Ind. 54; *Haymond* v. *Saucer*, 84 Ind. 3; *Lake* v. *Lake*, 99 Ind. 339; *Branch* v. *Faust*, 115 Ind. 464; *Ashton* v. *Shepherd*, 120 Ind. 69.

The only objection urged to the complaint is that each paragraph shows the claim barred by the statute of limitations. There are several exceptions contained in our statutes, notably nonresidence, which prevent the statute from running, section 297, R. S. 1881, and there is nothing in the pleadings to negative the exception.

In order that the statute of limitations may be available as a defense, it must be pleaded, unless the complaint shows affirmatively that the plaintiff is barred, notwithstanding the exceptions. *Potter* v. *Smith*, 36 Ind. 231; *Hogan* v. *Robinson*, 94 Ind. 138; *Medsker* v. *Pogue*, 1 Ind. App. 197; *Christian* v. *State, ex rel.*, 7 Ind. App. 417, 34 N. E. Rep. 825.

The objection made to the complaint is not, therefore, well taken.

That the court erred in overruling the motion for a new trial, is also assigned as error.

The correctness of the court's action in giving and refusing instructions is presented in this motion by the following causes for a new trial:

"8th. The court erred in refusing to give the instructions numbered third, fourth, fifth, sixth, seventh and eighth, asked by the defendant, and in refusing to give the instructions as so asked."

"9th. The court erred in giving the instructions numbered third, fourth, fifth, sixth, seventh, eighth, ninth,

tenth, eleventh, twelfth and thirteenth, upon its own motion.''

The appellee contends that these causes for a new trial raise no question as to the correctness of the instructions asked, nor as to the incorrectness of those given, separately and severally, but that we must be limited in our consideration to the questions whether all those asked were good or all those given bad. In this contention counsel are correct. These assignments of cause for a new trial are each joint, not several. Each relates to all the series as an entirety.

Such an assignment brings in review the instructions as a whole, and if any one of the instructions given is good, or if any one of those refused is bad, then, so far as based on this series, the motion must fail. *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Wallace* v. *Exchange Bank*, 126 Ind. 265; *Rees* v. *Blackwell*, 6 Ind. App. 506, 33 N. E. Rep. 988.

Tested by this rule, which is the only test the law permits us to apply, the court committed no error.

Some of the instructions given are not assailed by counsel and are, beyond question, correct. Of those asked by appellant, some were clearly wrong because the second paragraph of the complaint was based upon the written receipt or certificate, which read as follows:

"INDIANAPOLIS, IND., Feb. 15th, 1883.

"Received of Mrs. Lydia Dunlap the sum of four hundred dollars, on deposit.

"$400.00.                              WM. O. DEVAY.''

This instrument was more than a mere receipt for money, for it embodies the agreement of DeVay, not expressed therein in writing but imported into it by the law, to repay the money.

In the early case of *Tisloe* v. *Graeter*, 1 Blackf. 353, a

receipt substantially similar to this was held to constitute a contract.

In *Long, Exec.*, v. *Straus*, 107 Ind. 94, exactly such an instrument was held to be a written contract to which the six years' statute of limitations did not apply.

That it does constitute a written contract is sustained by *Dale* v. *Evans*, 14 Ind. 288; *Foulks* v. *Falls*, 91 Ind. 315; *Smiley* v. *Fry*, 100 N. Y. 262.

In the language of the court in *Long, Exec.*, v. *Straus*, *supra:* "As there is here a written contract, into which the law imports a promise to pay, the statute of limitations governing written contracts tó pay money is the only one that applies."

We can not assent to the claim of appellant's counsel that because the appellee, in her complaint, alleged a verbal agreement to repay with interest, the contract became thereby a parol contract, because partly in writing and partly verbal. The written contract is complete. It speaks for itself unaffected by any contemporaneous verbal agreement, as the trial court correctly held in the instructions given. It follows, therefore, that those instructions asked were wrong, in which appellant sought to apply to the second paragraph of complaint the six years' statute of limitations applicable to contracts not in writing.

There was ɳo error in the court's permitting the appellee to answer the question calling for the reason, if any, for her delay in bringing this suit. By the issues presented by appellant, he denied getting her money, and also claimed to have repaid what he had received. Under these issues, the long delay of appellee, if unexplained, would have been a circumstance to be considered by the jury against her. *Long, Exec.*, v. *Straus*, 124 Ind. 84.

This being true, she was, therefore, entitled to explain the delay.

There was no material error in overruling the motion to strike out parts of the answer. There was nothing in the statements objected to which could seriously affect the issues in the case. If the whole answer was matter original, instead of rebuttal, still it was within the discretion of the court to admit it.

An examination of all the records fails to disclose any available error.

Judgment affirmed.

Filed Nov. 2, 1892.