Louisville, New Albany and Chicago Railway Company v. Norman.

---

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. NORMAN.

[No. 2,151. Filed April 6, 1897.]

APPEAL AND ERROR.—*Assignment of Error.—Statute Construed.*—Under section 667, Burns' R. S. 1894, requiring that the assignment of errors shall be specific, each specification of error must be complete in itself and must in itself alone be sufficient to require the court on appeal to review some action of the court below.

SAME.—*Assignment of Error.—As to Separate Paragraphs of Complaint.*—An assignment of error which seeks to question in the Appellate Court for the first time the sufficiency of a separate paragraph of the complaint presents no question for consideration, as nothing less than an assignment that the complaint as an entirety does not state facts sufficient will raise, for the first time on appeal, any question concerning the sufficiency of any paragraph of complaint.

SAME.—*Longhand Manuscript of Evidence.*—The longhand manuscript of the evidence must be filed in the clerk's office before the filing of the bill of exceptions in which it is incorporated.

Louisville, New Albany and Chicago Railway Company *v.* Norman.

TRIAL.—*Misconduct of Counsel.*—Overruling an objection to a statement by counsel in his argument to the jury, in an action against a railroad company for stock killed, in commenting on the testimony of á certain witness as follows: "He knows that this railroad company never pays for stock killed," is not reversible error where the court admonished counsel to confine his remarks to the evidence, and to keep within the record.

From the Boone Circuit Court.   *Affirmed.*

*L. L. Smith, S. M. Ralston* and *Michael Keefe,* for appellant.

*C. W. Griffin* and *William Griffin,* for appellee.

BLACK, J.—The appellee's complaint against the appellant, to recover the value of cattle killed by being run against by the appellant's locomotive and cars, consisted of six paragraphs.

In the appellant's assignment of errors there are seven specifications. Each one of the first six specifications seeks to question in this court for the first time the sufficiency of a separate paragraph of the complaint. There is no assignment addressed to the question of the sufficiency of the entire complaint.

The statute, section 667, Burns' R. S. 1894 (655, Horner's R. S. 1896), requires that the assignment of errors shall be specific. Each supposed error must be specified. The specifications must be distinct, and each specification must be complete in itself, and must in itself alone be sufficient to require the court on appeal to review some action of the court below.

The assignment of errors is a pleading in the appellate court. It is analogous to a complaint in the trial court, and as each paragraph of a complaint must be complete in itself without aid from any or all other paragraphs, so each specification of error must be in itself sufficient. See Elliott's App. Proced., sections 308, 309, and cases there cited.

The assignments relating to the separate paragraphs of appellee's complaint do not present any question for our consideration. *Higgins* v. *Kendall*, 73 Ind. 522; *Trammel* v. *Chipman*, 74 Ind. 474; *Carr* v. *State, ex rel.*, 81 Ind. 342.

Nothing less than an assignment that the complaint, as an entirety, does not state facts sufficient, will raise any question concerning the sufficiency of any paragraph of the complaint. *Schuff* v. *Ransom*, 79 Ind. 458; *Haymond* v. *Saucer*, 84 Ind. 3; *Lake* v. *Lake*, 99 Ind. 339; *Louisville, etc., R. W. Co.* v. *Ader*, 110 Ind. 376; *Ashton* v. *Shepherd*, 120 Ind. 69; *Board, etc.*, v. *Tichenor*, 129 Ind. 562; *Thatcher* v. *Turney*, 7 Ind. App. 667; *DeVay* v. *Dunlap*, 7 Ind. App. 690.

If it be desired by the defendant to test, in this court, the sufficiency of a particular paragraph of a complaint containing more than one paragraph, the question must be saved by exception to the overruling of a demurrer to the particular paragraph, and by assigning that ruling as error.

The seventh assignment is, that the court erred in overruling the appellant's motion for a new trial.

The transcript contains what purports to be the original longhand copy of the reporter's shorthand notes of the evidence, but it does not appear that this copy was filed in the office of the clerk before the filing of the bill of exceptions in which it is incorporated.

Therefore, under many recent decisions of the Supreme Court and of this court, we cannot regard the evidence as properly before us. *Rogers* v. *Eich*, 146 Ind. 235; *Pittsburgh, etc., R. R. Co.* v. *Cope*, 16 Ind. App. 579; *Pruitt* v. *Farber*, 147 Ind. 1; *Kelso* v. *Kelso*, 16 Ind. App. 615; *Board, etc.*, v. *Fertich*, 18 Ind. App. 1.

In the absence of the evidence, we cannot determine

the question as to its sufficiency to sustain the verdict, or the question as to the amount of the damages assessed.

One of the causes stated in the motion for a new trial was, that the court erred in permitting a person named, "attorney for plaintiff, to make the following statement in his closing argument to the jury, to-wit: ' He,' witness King meaning, 'knows that this railway company never pays for stock it kills.' "

The next cause in the motion was, that the same person named, "attorney for plaintiff, was guilty of misconduct in saying to the jury in his closing argument, while commenting on the testimony of one King, who was a witness in said cause, that 'He knows that this railway company never pays for stock it kills.' "

A separate bill of exceptions states that the person mentioned in the motion for a new trial as attorney for the plaintiff, in his closing argument to the jury, while commenting upon the testimony of one King, a witness in the cause, made use of the following language: "He knows that this railway company never pays for stock it kills." To which remark counsel for the defendant objected, but the court overruled the objection and admonished counsel for plaintiff to confine his remarks to the evidence, and to keep within the record, "to which ruling of the court the defendant at the time excepted."

The knowledge which the attorney thus attributed to the witness could not properly have been in evidence. While it is stated in the bill of exceptions that the court overruled the objection made by appellant, it is also stated that the court admonished counsel for the appellee to confine his remarks to the evidence and to keep within the record.

The bill does not show in what language the court overruled the objection, but it appears that in the presence of the jury, where the language to which objection was made had been spoken, the court in admonishing counsel showed the jury the irrelevancy of the remark of the attorney.

In *Morrison* v. *State*, 76 Ind. 335, it was said: "But not every transgression of counsel beyond the bounds of strictly proper discussion can be deemed a fatal and incurable error; and, whatever its character, it cannot be made available unless pointed out to the lower court, and the ground of objection specifically stated." See, also, *Coble* v. *Eltzroth*, 125 Ind. 429.

It does not appear upon what ground or in what terms the appellant objected to the remark of the attorney.

It is to be presumed, the contrary not appearing, that the offending attorney obeyed the admonition of the court, and that the jurors, being men of ordinary intelligence and honesty, understood that the remark to which objection was made and for which the attorney was so admonished ought not to influence their deliberations.

So far as the language of the court is shown, it was appropriate, and it was apparently effectual. If it does not appear that the court directly admonished the jury concerning the remark of counsel, it also does not appear that the court was called upon to do so. To support a criticism for failure to take any particular action, it should be shown that such action was invoked. *Worley* v. *Moore*, 97 Ind. 15; *Carter* v. *Carter*, 101 Ind. 450; *Choen* v. *State*, 85 Ind. 209; *Combs* v. *State*, 75 Ind. 215.

"There must be a plain case of violation of the privilege of argument, which has not been sufficiently counteracted by the trial court, and such misconduct

as can be said by this court to have been injurious to the objecting party, to justify us in reversing the action of the trial court in overruling a motion for a new trial based upon such departure of counsel." *City of Lafayette* v. *Weaver*, 92 Ind. 477.

The appellate court can interefer in such cases only when substantial injury has been done. *Shular* v. *State*, 105 Ind. 289.

Under the facts shown by the record, we cannot conclude that the remark of counsel in question was substantially injurious to the appellant.

Judgment affirmed.