## The State, ex rel. Attorney General, *v.* Temple.

Pleading.—*Complaint to Recover Docket Fees of Clerk.*—A complaint by the State against a clerk of a circuit court, alleging that the clerk received a certain sum of money as docket fees and unclaimed witness fees, belonging to the State, which he has retained for more than one year, alleging a demand; or alleging that such clerk is indebted to the State in a certain sum for docket fees, witness fees, and unclaimed moneys belonging to estates, which he has retained for more than a year, and alleging a demand, is good, under the fourth section of the act of March 10th, 1873.

From the Crawford Circuit Court.

*J. C. Denny,* Attorney General, and *C. A. Buskirk,* Attorney General, for appellant.

*E. R. Hatfield, E. M. Tracewell, W. N. Tracewell, W. H. Peckinpaugh,* and *Woodbury, Peckinpaugh & Zenor,* for appellee.

BIDDLE, C. J.—The State, on the relation of the attorney general, sued the appellee, as clerk of the Crawford Circuit Court. The amended complaint contains two paragraphs. The first alleges that the appellee, as such clerk, received large sums of money as docket fees and unclaimed witness fees, belonging to the State, which he had retained more than a year. Demand.

The second paragraph avers that the appellee is indebted to the State in a large sum of money for docket fees, unclaimed witness fees, and unclaimed moneys belonging to estates, which he had retained more than one year. Demand.

The averments are all formally made, with proper time and place.

Demurrers were filed to each paragraph of the complaint, alleging a want of sufficient facts, and sustained by the court. Exception, and appeal taken by the State.

The fourth section of the act of March 10th, 1873, requires the clerks of circuit courts " to make out and forward to the attorney general within ten days after the close of the term of each circuit court, a statement of all fines assessed and forfeitures entered during such term."

The ninth section enacts, that " it shall be the further duty of the attorney general to ascertain from time to time the amounts paid to any public officer of the State, or any county officer, or other person, for unclaimed witness fees, court docket fees, license, money unclaimed in estates or guardianships, fines or forfeitures, or moneys that escheat to the State for want of heirs, or from any other source where the same is by any law required to be paid to the State, or any officer in trust for the State ; and in all cases where the officers whose duty it shall be to collect the same shall fail, neglect or refuse

for twelve months after the cause of action in favor of the State shall have accrued, or shall fail, neglect, or refuse to sue for and proceed to recover any property belonging to or which may escheat to the State, the said attorney general shall institute or cause to be instituted and prosecuted all necessary proceedings to compel the payment or recovery of any such property." Acts 1873, p. 18.

The complaint is founded upon this act. The appellee has not filed any brief, cited any authority, or pointed out any defect in the complaint, and we can perceive none. We think it is good.

The judgment is reversed; cause remanded, with instructions to overrule the demurrer, and for further proceedings.