## The State, ex rel. Attorney General, *v.* Giles.

DEMURRER.—*Harmless Error.*—There can be no available error in sustaining a demurrer to a special paragraph of reply, where all the evidence admissible thereunder is admissible under a remaining paragraph of general denial.

STATUTE OF LIMITATIONS.—*Concealment.*—*Pleading.*—To an answer of the statute of limitations, a reply which relies on the defendant's concealment of his liability to an action must allege the acts of concealment, as mere silence does not amount to the concealment contemplated by the statute, 2 G. & H. 162, sec. 219.

From the Sullivan Circuit Court.

*C. A. Buskirk,* Attorney General, for the appellant.

DOWNEY, C. J.—This was an action by the appellant against the appellee, who had been treasurer of Sullivan county, to recover certain moneys, which, it is alleged, he had received in his official capacity, belonging to the school fund. A part of the amount was received by the treasurer. for licenses to retail spiritous liquors, and the residue was for interest on school funds. It is alleged that the defendant was such treasurer from the 9th day of August, 1863, to the 9th day of August, 1867; that a demand was made by the relator upon the defendant, for the money, on the 1st day of January, 1874; and that he refused to pay the same, and had not paid the same, to his successor in office as treasurer.

The defendant answered:

1. A general denial.

2. That his term of office expired on the 10th day of August, 1867, at which time he had a full, complete and final settlement with his successor in office, as such treasurer, for all public moneys in his hands, or with which he was in any wise chargeable, including the funds mentioned in the complaint and bill of particulars, and then, and upon the request of his successor, paid to him all such moneys.

3. That the cause of action did not accrue within six years before the commencement of this action, and that the same is barred by the statute of limitations.

Reply: 1. General denial of all the paragraphs of the answer.

2. To the second paragraph of the answer, admitting the settlement, but alleging a mistake, by which the matters in the complaint mentioned were omitted and not settled.

3. To the third paragraph of the answer, admitting that six years had elapsed since the plaintiff's cause of action accrued, but alleging that the defendant concealed the fact that he had received the said several sums of money mentioned in the complaint, and so kept said facts concealed until one year next before the commencement of this suit.

The defendant demurred to each of the second and third paragraphs of the reply, on the ground that neither of them stated facts sufficient to constitute a reply. The demurrers were sustained, and there was final judgment for the defendant. The sustaining of the demurrers is the error assigned.

There was no available error in sustaining the demurrer to the second paragraph of the reply, for the reason that, if there was a mistake in the settlement, it might have been shown under the general denial contained in the reply.

We think, also, that there was no error in sustaining the demurrer to the third paragraph of the reply. There are no acts of concealment alleged in the reply. Mere silence of a party does not amount to such concealment as is contemplated by the statute. The acts of concealment should be set out in the pleading. *Stanley* v. *Stanton*, 36 Ind. 445, and cases cited.

The judgment is affirmed, with costs.