MOORE, ADM'R, *v.* THE STATE, EX REL. DENNY, ATT'Y GEN'L.

OFFICER.—*Duty.*—*Public Funds.*—*Demand.*—Where by law it is made the duty of a public officer, at stated times and to certain other officers, to report and pay over certain funds officially received by him, upon his failure so to do, a right of action thereby accrues against him, without demand.

SAME.—*County Clerk.*—*Unclaimed Moneys*—If the clerk of the circuit court of any county fail, at the times prescribed by law, to account for and pay over all unclaimed docket, witness and jury fees, fines and moneys of estates, which by law he is at such times required to so account for and pay over, he thereby becomes liable, without demand, to an action therefor.

SAME.—*Action Against.*—*Statute of Limitations.*—Upon the institution of a suit against such clerk to recover any of such funds which he has failed to so account for and pay over, he may avail himself of the statute of limitations, as a defence; and an answer by him, averring that the right of action therefor accrued more than six years prior to the commencement of such action, is sufficient.

SAME.—*Attorney General.*—The Attorney General is the proper relator, on behalf of the State, to bring such action.

Moore, Adm'r, v. The State, ex rel. Denny, Att'y Gen'l.

REPEAL OF LAWS.—*Attorney General.—Auditor of State.—County Superintendent.*—Section 9 of the supplemental act of March 10th, 1873, (1 R. S. 1876, p. 151,) in relation to the election, duties, etc., of the Attorney General, is in conflict with and repeals so much of clauses 6 and 7 of section 2 of the act of May 27th, 1852, (1 R. S. 1876, p. 156,) prescribing the powers and duties of the Auditor of State, and so much of section 7 of the supplemental act of March 8th, 1873, (1 R. S. 1876, p. 816,) as authorize, respectively, the Auditor of State and county superintendents to institute suits for the collection of unclaimed witness, court and docket fees, fines, forfeitures and moneys of estates.

SUPREME COURT.—*Practice.—Motion to Strike Out Part of Pleading.*—Error in overruling a motion to strike out part of a pleading is not available as error on appeal to the Supreme Court.

QUERY.—Is a demand necessary before bringing such suit against such clerk, for the amount of forfeitures collected by him?

From the Decatur Circuit Court.

*W. A. Moore* and *J. D. Miller*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—The relator, James C. Denny, as Attorney General of Indiana, on the 23d day of January, 1874, filed in the Decatur circuit court the following complaint, to wit:

"The State of Indiana, on the relation of James C. Denny, Attorney General of said State, complains of William A. Moore, administrator of the estate of James Gavin, late of said county of Decatur, deceased, and says, that heretofore, to wit, on the 1st day of November, 1863, the said James Gavin, deceased, was elected, qualified and entered upon the discharge of his duties as clerk of the circuit and common pleas courts, of Decatur county, in said State, and continued so to act, as such clerk, until the 14th day of June, 1864; and that heretofore, to wit, on the 31st day of October, 1864, the said James Gavin, deceased, was again elected, qualified and entered upon the discharge of his duties as clerk of said circuit and common pleas courts of said Decatur county, in said State, and continued to act as such clerk until the 30th day of January, 1867.

"That while he so acted as such clerk, he received and

had in his possession a large sum of money, to wit, the sum of two thousand two hundred and six and $\frac{82}{100}$ dollars.

"$112.00 *of said amount being for docket fees of the circuit court;* $164.00 *of said amount being docket fees of the common pleas court;* $76.50 *of said amount being for jury fees of said circuit and common pleas courts;* $233.00 *of said amount being for fines;* $771.07 *of said amount being for forfeitures;* $269.37 *of said amount being for unclaimed witness fees; and* $580.88 *of said amount being for unclaimed balances in estates.* That all of said amounts have remained in the hands of the defendant herein for more than two years last past, and have never been demanded by the persons entitled to receive the same, except as hereinafter stated, and that no demand was ever made by the State, or any officer acting for the State, until the 19th day of January, 1874, when the relator herein, for and on behalf of the State, demanded the same, and then and there requested the said defendant to pay the said sums of money, to do which the defendant then and there failed, neglected and refused. That on the 4th day of July, 1873, the said James Gavin departed this life, and that on the 25th day of July, 1873, the said William A. Moore was appointed and duly qualified as the administrator of the estate of said James Gavin, deceased, and is at this time acting as such administrator. That under the provisions of the statute, all said sums of money should have been paid to the relator herein. That there is now due, in the estate, on account of the money so collected by the said Gavin, deceased, the said sum of two thousand two hundred and six and $\frac{82}{100}$ dollars, with interest thereon. *And the relator further says and charges the facts to be, that the said decedent, James Gavin, failed to keep said moneys separate from his own moneys, but used the same and speculated with the same; whereby, the relator says that the said James Gavin made large profits off of said moneys, to wit, two thousand dollars, and became liable to pay interest*

*for the use of said moneys, now amounting to the sum of fifteen hundred dollars.* Wherefore plaintiff demands judgment for three thousand five hundred dollars.

"JAMES C. DENNY,<br>"Attorney General for Indiana.

"State of Indiana, County of Marion, ss.

"Before the undersigned personally came James G. Miles, assistant Attorney General, of Decatur county, Indiana, appointed as such by James C. Denny, Attorney General, and, being by me first duly sworn, says that the claim of the plaintiff alone [above] set out is just and due, and wholly unpaid, as he verily believes; that he knows of no legal set-off or counter-claim thereto, and that the plaintiff ought to recover thereon the said sums so set out as above, with interest thereon, to wit:

| | | |
|---|---:|---:|
| "Docket fees of circuit court | $112 | 00 |
| "Docket fees of common pleas | 164 | 00 |
| "Jury fees, both courts | 76 | 50 |
| "Fines | 233 | 00 |
| "Forfeitures | 771 | 07 |
| "Unclaimed witness fees | 269 | 37 |
| "Unclaimed money in estates | 580 | 88 |
| "Interest above set out | 1,500 | 00 |

"JAMES G. MILES.

"Subscribed and sworn to before me, a notary public in and for said county, this 20th day of January, A. D. 1874.

"Witness my hand and notarial seal.

"CALEB S. DENNY,

[SEAL.]                              "Notary Public."

The appellant filed first a motion to strike out separately, severally and distributively the words and figures of the complaint set forth in italics above, which motion was overruled and excepted to.

A demurrer was then filed to the complaint and claim, assigning the following reasons:

"1st.   Because the said James C. Denny, Attorney General, is not the proper relator; and,

"2d.   Because they do not, or either of them, state facts sufficient to constitute a cause of action."

Which demurrer was overruled, and exception taken.

The appellant then answered in nine paragraphs.

The first was a general denial.   The second, the six years' statute of limitations answered to the whole complaint.   The other paragraphs were the six years' statute of limitations, pleaded separately to each of the items in the complaint and claim set forth.

A demurrer to these answers, except the general denial, was filed and sustained, and an exception reserved.

The cause was then submitted to the court for trial, upon the following agreed statement of facts:

"It is agreed for the purpose of this trial that the following is a correct statement of the facts involved in this suit:

"That the said James Gavin was elected clerk of Decatur county, Indiana, and was duly qualified, and entered on the discharge of his duties, as such, on the 1st day of November, 1863, and continued to act as such until the 14th day of June, 1864.   That on the 31st day of October, 1864, he was again elected, qualified and entered on the discharge of his duties as clerk of the circuit and common pleas courts of said county, and continued to act as such until the 30th day of January, 1867.

"That the records, fee books and judgment dockets belonging to the clerk's office of said county, show that said James Gavin, as clerk, during the term he continued in office, as aforesaid, received the various sums of money hereinafter set out, between the 1st day of November, 1863, and the 30th day of January, 1867, and all of said sums were received by him, and receipted for on the proper fee books and records of said office, and have remained continuously open to public inspection in said office, ever since.

" That the following sums, so received by the said James Gavin, during his continuance in office, were used by him, mixed with and used as his own moneys, and were not kept separate as public moneys, in a separate fund, to wit:

| | |
|---|---:|
| " Docket fees of circuit court . . . . | $112 00 |
| " Docket fees of common pleas court . . | 164 00 |
| " Jury fees, both courts . . . . . | 76 50 |
| " Fines . . . . . . . . | 233 00 |
| " Forfeitures . . . . . . . | 771 07 |
| " Unclaimed witness fees . . . . . | 269 37 |
| " Unclaimed money in estates . . . . | 580 88 |

"And that said moneys have been collected, and remained in the hands of said Gavin, for the average time of ten years.

" That the said James Gavin did not make the reports required of him by law, as such clerk, in regard to said fees, and said funds have never been paid over by the said James Gavin, or by his administrator, or by any other person in his behalf, as the law requires. And it is further agreed that said sums, with interest, were demanded of William A. Moore, administrator of the estate of the said James Gavin, on the 19th day of January, 1874, previous to the filing of the claim in this cause.

" Signed and dated this December 3d, 1874.

" C. A. BUSKIRK,<br>"Attorney General of Indiana,

" By J. G. MILES, Assistant.

" W. A. MOORE,

"Administrator of the estate of James Gavin, deceased."

Which was all the evidence given in said cause, and upon which the court found for the State, and assessed the damages at the sum of two thousand three hundred and twenty-five dollars and twenty-two cents.

A motion for a new trial was filed, assigning as reasons:

"1st. Because the finding of the court is not sustained by the evidence;

"2d. Because the court erred in assessing excessive damages; and,

"3d. Because the finding of the court is excessive in amount."

The motion for a new trial was overruled, and an exception reserved, and judgment rendered on the finding.

Each of these rulings of the court are assigned as error, in this court, in the order above set forth.

First. It is urged upon us by the appellant, as ground for reversing the judgment, that the suit is not properly brought upon the relation of the Attorney General; that prior to the passage of the act of March 10th, 1873, (1 R. S. 1876, p. 151, sec. 9,) the suit could have been brought only in the name of the Auditor of State, (1 R. S. 1876, p. 156, sec. 2, 6th and 7th clauses,) which act, it is contended, is not repealed in this respect by the act of March 10th, 1873. The 6th and 7th clauses of the prior act are as follows:

That the Auditor of State shall,

"*Sixth.* Institute and prosecute, in the name of the State, all proper suits for the recovery of any debts, moneys or property of the State, or for the ascertainment of any right or liability concerning the same.

"*Seventh.* Direct and superintend the collection of all moneys due to the State, and employ counsel to prosecute suits instituted at his instance, on behalf of the State."

Section 9 of the act under which this suit is brought, is as follows:

"Sec. 9. It shall be the further duty of the Attorney General to ascertain from time to time the amounts paid to any public officer of the State, or any county officer, or other person, for unclaimed witness fees, court docket fees, license, money unclaimed in estates or guardianships, fines or forfeitures, or moneys that escheat to the State for want of heirs, or from any other source where the same is by any law required to be paid to the State, or any officer in trust for the State; and in all cases

where the officers whose duty it shall be to collect the same shall fail, neglect or refuse for twelve months after the cause of action in favor of the State shall have accrued, or shall fail, neglect or refuse to sue for and proceed to recover any property belonging to or which may escheat to the State, the said Attorney General shall institute or cause to be instituted and prosecuted all necessary proceedings to compel the payment of or recovery of any such property."

It is apparent that, as to the officer who shall institute suits on behalf of the State, section 9 of the latter act, in reference to the matters herein mentioned, is in conflict with the 6th and 7th clauses of section 2 in the former act; so far, therefore, the former act must be held as repealed. And by section 7 of the act of March 8th, 1873, the county superintendent of common schools was the proper officer to institute such actions to recover several of the various funds claimed in this suit. (1 R. S. 1876, p. 816.) But section 9, *supra,* is the last expression of the legislative will, and therefore must control. The conclusion follows, that the suit is properly brought in the name of the State, on the relation of the Attorney General. In the cases of *The State, ex rel., etc., v. Temple,* 50 Ind. 585, and *The State, ex rel., etc., v. Giles,* 52 Ind. 356, which were similar to this case, and brought under the authority of the same section, the right of the Attorney General as relator was not questioned.

As to the various motions made to strike out certain parts of the complaint, we have frequently decided that the overruling of a motion to strike out portions of a pleading constituted no available error in this court. And we think the demurrer to the complaint was properly overruled. It is good, at least, for money had and received.

In deciding the questions arising upon the demurrers to the several answers setting up the statute of limitations,

we must first ascertain the nature of the cause of action sued upon.

We think there is nothing in the relation of the duties devolving on the clerk of the court to the funds sought to be recovered against his administrator, which will prevent the statute of limitations from running in his favor; and, by express enactment, it runs against the State of Indiana as against persons. 2 R. S. 1876, p. 129, sec. 224.

It is the duty of the clerk of a circuit court, or court of common pleas, within thirty days after the collection of the same, to pay to the treasurer of his county all docket fees received by him, on account of the business of said court. 1 R. S. 1876, p. 776, sec. 6.

And it is the duty of such clerk, on the 1st day of January of each year, to make out and file with the treasurer of the county a complete list of all fines, jury fees, and witness fees which have remained unclaimed for one year, and to pay to such treasurer, upon the receipt thereof, all moneys so collected. 2 R. S. 1876, p. 17, sec. 7.

Upon the receipt of the purchase-money arising from the sale of real estate, where there are no heirs to claim it, it is the duty of the clerk to pay the same to the treasurer of the county. 2 R. S. 1876, p. 544, sec. 142.

In the collection of these several funds by the clerk of a court, when the time at which he should pay them over, and the person or officer to whom they should be paid are fixed by law, and therefore certain, we think, upon failure to so pay them, he becomes at once liable, without demand and refusal before suit is brought; and against an action founded merely upon his breach of duty in not so paying over such funds, he may plead the statute of limitations.

In reference to forfeitures, we have not been able to find any statute, nor has either of the parties cited us to any, requiring a clerk of the court to pay over moneys arising thereon, in any different manner from the general duty imposed upon him in reference to moneys officially

received. If no such statute exists, perhaps he could not be sued for breach of such duty, before demand made; but we do not so decide, because it is not necessary to the disposition of the case.

If we are right in these views, it follows that the court erred in sustaining the demurrers to the several paragraphs of answer which plead the statute of limitations.

The judgment is reversed, with costs. Cause remanded, with instructions to overrule the demurrers to the several paragraphs of answer, which set up the statute of limitations, and for further proceedings.