No. 9865.

TYLER ET AL. *v.* THE OLD POST BUILDING ASSOCIATION.

BUILDING ASSOCIATION.—*Bond of Secretary.—Dues and Assessments.—Corporations.*—The by-laws of a building association required dues and assessments to be paid to the secretary at weekly meetings, and also required that officer to give bond for the faithful performance of his duties.

*Held,* that the bond covered all money received by him in his official character, whether paid at the times required or not.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans,* for appellants.

*H. S. Cauthorn, J. M. Boyle* and *O. H. Cobb,* for appellee.

ELLIOTT, J.—The controlling questions in this case are presented by the special finding.   We extract from the finding the material facts as follows:   The appellee is a corporation organized under the act concerning building and loan

fund associations. The articles of association state the object of forming the corporation to be "to enable its members to accumulate by weekly and monthly contributions or assessments the necessary funds for acquiring homes or establishing themselves in business." The by-laws adopted express the same purpose, and make provision for conducting the corporate affairs, providing, among other things, that the secretary shall keep accurate accounts, receive all moneys paid to the association, pay them over to the treasurer, and that for the faithful performance of his duties he shall execute a bond in the penalty of one thousand dollars. It is further provided in the by-laws that the members shall pay a designated initiation fee, and weekly dues or assessments; that these shall be paid at the weekly meetings, or in advance. The appellants were members of the association, and in January, 1880, Charles W. Eastham was elected secretary, and executed bond for the performance of the duties of that office with Wilson M. Tyler and Thomas Eastham as sureties. No order was ever passed by the board of directors fixing the rate of assessment or making calls, but payments were made by the members, on account of their stock, in the following manner: On each Wednesday evening the members met at the office of the secretary, paid their weekly assessments to the secretary, and received credit on their pass-books. A book was also kept by the secretary, on which the entries of receipts were made; that the money thus paid to Eastham amounted to $4,035.46, which was by him duly paid to the treasurer. In addition to the money so received he received, as such secretary, and while in office, divers sums of money amounting in the aggregate to $1,464.49. These sums were paid by members of the association on account of their stock, at the weekly rate prescribed in the by-laws, but were not paid at the weekly meetings. These payments were properly entered upon the pass-books of the members, and upon the books of the association. The secretary, Eastham, did not pay over the sum thus collected, but converted it to his own use.

The contention of the appellants is, that the finding shows that the money not accounted for was not received by the principal in the bond in the capacity of secretary of the corporation, and that there is consequently no liability on the bond.  In our opinion the money received by the principal was paid to and accepted by him as the money of the corporation.  It is quite plain that the purpose of those who paid it was to put it into the corporate funds, and it is equally plain that Eastham secured it by virtue of his position as secretary.  The object of the corporation to secure money, and accumulate it in sums sufficient to give its members substantial assistance, is shown in the articles of association and by-laws, and it is also shown that all money paid by members was required to be by them paid directly to the secretary, and that the money went into the hands of Eastham under the provisions of those instruments, and for corporate purposes.  But for his position as a corporate officer the money would not have gone into his hands.  Where a corporate officer receives money for the corporation and by virtue of his official position, he must account for it to the corporation.

We do not think that the fact that the money was paid at other times than weekly corporate meetings entitles the appellants to avoid liability on the bond.  As we have seen, the money was received by Eastham as the money of the corporation, and under color of his position of secretary, if, indeed, not in strict right as secretary, and his sureties are liable, although there may have been some irregularity as to the time when it was received.  The general authority to receive assessments from the members was conferred upon him, and the fact that he received it at a different time than a weekly corporate meeting, or the fact that the proceedings were not regular in form, does not deprive the corporation of the right to call him to account, nor does it take his act in receiving it and making entries upon the corporate books and the pass-books of the members out of the general scope of his duties as secretary. The bond covers the general duties assumed by him, and is not

confined to acts done at a particular time or particular place, or in strict conformity with the charter or by-laws.

. Where an officer or an agent executes a bond conditioned in general terms for the faithful performance of his duties, it extends to and covers all acts done within the general scope and authority of the officer or agent. It was upon this principle that it was held in *Widener* v. *State, ex rel.*, 45 Ind. 244, that a justice of the peace who receives a note for collection, and collects it without suit, is liable upon his bond for the failure to pay over the money so collected. Upon the same theory proceed those cases which hold that a bank cashier and his sureties are liable upon the bond for failing to pay over money received for deposit upon the street, or at some other place than the bank. *Pendleton* v. *Bank*, 1 T. B. Monroe (Ky.) 171; *Melville* v. *Doidge*, 6 Man. G. & S. 450; *Rochester City Bank* v. *Elwood*, 21 N. Y. 88; *German Am. Bank* v. *Auth*, 87 Pa. St. 419; S. C., 30 Am. R. 374; *Watertown F. Ins. Co.* v. *Simmons*, 41 Am. R. 196.

.Judgment affirmed.

Petition for a rehearing overruled.