No. 10,297.

## THE STATE v. SCHLOSS.

RECOGNIZANCE.—*Forfeiture.*—*Duties of Attorney General and Prosecuting Attorney.*—If for the period of a year after a recognizance for the appearance of one indicted has been forfeited, the prosecuting attorney neglects to enforce the collection, the Attorney General has authority to do so, and after he has brought suit for that purpose, the prosecuting attorney has no right to interfere to embarrass or defeat the suit, nor will he be permitted to do so professionally after he goes out of office. Appearance by him to a motion to set aside the forfeiture is a nullity, and an order setting it aside without notice of the application to the Attorney General, is erroneous.

From the Criminal Court of Vigo County.

*F. T. Hord*, Attorney General, and *R. B. Stimson*, for the State.

*I. N. Pierce* and *T. W. Harper*, for appellee.

ELLIOTT, J.—The appellee entered into a recognizance to secure the appearance of one Jacob Jones to answer a charge of perjury preferred against him by the grand jury of Vigo county. This recognizance was declared forfeited, and after this had been adjudged the appellee procured, on motion, an order setting aside the judgment of forfeiture. Subsequent to the order granted on appellee's motion, the State, by the Attorney General, filed a motion to set aside the order obtained by the appellee and the court sustained it; the appellee again appeared and moved the court to annul the order made at the instance of the State. The affidavit in support of the motion made by the Attorney General is substantially as follows: " Comes now Daniel P. Baldwin, Attorney General of the State of Indiana, and shows to the court, that the court on motion of Jacob Schloss, made an order on the 27th day of February, 1882, setting aside the forfeiture of the recognizance in the above entitled cause; that said recognizance was forfeited more than one year previous to the 23d day of February, 1882, and was unpaid; that the proper

The State v. Schloss.

prosecuting attorney had not collected said forfeiture, and had no proceedings pending therefor on said 23d day of February, 1882; that on said 23d day of February, 1882, the Attorney General, in default of said prosecutor so to do, commenced an action for the collection of said forfeiture in the superior court of Vigo county, a court of competent jurisdiction, and obtained service of summons in said suit, upon said Schloss, who was one of the sureties on said recognizance, on the 24th day of February, 1882; that thereafter, to wit, on the 27th day of February, 1882, without notice to the Attorney General and without his knowledge, said Schloss appeared and moved to set aside said forfeiture, and procured said order of the 27th day of February with intent to defeat said action in said superior court by fraud; that said Schloss fraudulently concealed from the court the pendency of said suit in the superior court; that he fraudulently concealed from the Attorney General, and from any other person authorized to represent the State, the pendency of his motion, with the intent that the pendency of said action in the superior court should not be brought to the knowledge of the judge, and with the further fraudulent intent that said motion should not be resisted on the merits of the case, and the said Schloss, with the intent the more effectually to deceive the court, procured the ‘prosecuting attorney to appear for the State, well knowing that he had no longer authority to represent the State.” The motion of Schloss to set aside the order granted at the instance of the Attorney General is thus exhibited by the record: “ The said Philip Schloss appeared by his attorney and orally moved the court to dismiss said motion of the Attorney General, for the reason that the Attorney General had no authority to appear for the State of Indiana in said court in said proceeding.”

It is our opinion that the trial court erred in sustaining appellee’s motion.

The Attorney General has authority to prosecute actions upon

The State *v.* Schloss.

forfeited recognizances in cases where the prosecuting attorney fails or neglects for the period of twelve months to prosecute the proper action. *State, ex rel.,* v. *Denny,* 67 Ind. 148; *Carr* v. *State, ex rel.,* 81 Ind. 342.

It is the duty of prosecuting attorneys to enforce collection of forfeited recognizances, and they have no authority to fritter away the rights of the State by compromise or inaction. *Bennett* v. *State,* 2 Yerger, 472; *Whittington* v. *Ross,* 8 Brad. 234; *Commissioners* v. *Rose,* 1 Desaus. Eq. 461. In the case first cited it is said: "The officers of court must learn where duty with them commences and ends. The court will see to the execution of her judgments, and treat arrangements interfering with them as nullities or contempts, according to circumstances."

Where the Attorney General has brought an action in a case where the prosecutor has failed in his duty, the latter has no authority to do any act without the consent of the Attorney General, which will defeat the State. It is the duty of a prosecutor, who has been in the service of the State, to abstain from doing any act which will embarrass or defeat an action prosecuted by the Attorney General. An attorney who has been employed by the State can not afterwards do any act, in his professional capacity, which will prejudice the rights of the State, nor can he, after another attorney has rightfully assumed charge of the litigation, be permitted to do anything which will interfere with the successful and proper conduct of that litigation.

Judgment reversed, with instructions to overrule the last motion made by the appellee, and to proceed in accordance with this opinion.

Filed Dec. 21, 1883.