TUCKER ET AL. *v.* STATE, EX REL. BOARD OF COMMISSIONERS THE COUNTY OF HAMILTON.

[No. 19,946. Filed May 24, 1904. Rehearing denied October 26, 1904.]

PLEADING.—*County Officer's Bond.—Recovery of Unlawful Fees by County.*— Where a county auditor's bond provided that such auditor would faithfully perform and discharge his duties as auditor, and pay over on demand, to the person entitled thereto, all money that should come into his hands as such officer during the continuance of his office, and one of his duties prescribed by statute was to render to the board of commissioners a true account of all moneys due or coming to him from the county, and to demand and receive from the county only such compensation as was provided by law, a complaint, by such board against such auditor for the recovery of unlawful fees paid to such auditor by such county, containing no averment that such auditor drew his warrants on the county treasury in his official capacity, and thereby wrongfully obtained such money, and no other allegation in relation to the drawing of the warrants as to make that the wrongful act of the officer, is insufficient to constitute a cause of action on such bond at common law. Dowling, J., dissents. *pp. 410–413.*

OFFICERS.—*Fees.—Reversal of Former Opinion.*—Where fees were paid to county officers under the law of 1879, after the Supreme Court had held the salary law of 1891 as amended by the law of 1893 unconstitutional, a reversal of such opinion did not have the effect of taking away any vested rights of such officers, since officers do not have a right to their fees by contract, and they were entitled to salary only under the law of 1891 as amended in 1893. *pp. 416, 417.*

COUNTIES.—*Allowances of Board.—Administrative Capacity.*—The allowance to a public officer of unlawful fees, by the board of commissioners, is not in the nature of a judgment, but simply amounts to an acknowledgment of the correctness of the claim, and is recoverable by such board. *p. 416.*

Tucker *v.* State, *ex rel.*

OFFICERS.—*County Auditor.—Member of Board of Review.—Fees of.*—A county auditor is entitled to his per diem as a member of the board of review, in addition to his salary provided by law.  *p. 417.*

INTEREST.—*Money Wrongfully Received by Public Officer.*—Where a public officer files his claims for fees in excess of the law and the same are allowed, a recovery thereof should include interest from the dates of such allowances, since §7045 Burns 1901 provides that "on money had and received for the use of another, and retained without his consent, interest shall be allowed at the rate of six dollars a year on one hundred dollars," and since such money must be considered as retained by such officer without the county's consent.  *pp. 417, 418.*

COUNTIES.—*Officers.—Bonds.—Liability for Unlawful Fees.*—Where a county auditor filed his claims for fees in excess of the law and the same were allowed to him by the board, a recovery thereof can not be had upon the statute on such officer's official bond. Dowling, J., dissents.  *p. 418.*

From Marion Circuit Court (9,249); *H. C. Allen,* Judge.

Action by the State of Indiana, *ex rel.* board of commissioners of the county of Hamilton against Albert R. Tucker and others, sureties on his official bond, for money due such county. From a judgment for plaintiff, defendants appeal.  *Reversed.*

*F. E. Gavin, T. P. Davis, J. L. Gavin, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*R. K. Kane* and *W. A. Ketcham,* for appellee.

DOWLING, J.—Action by the State, on the relation of the board of commissioners of Hamilton county, on the official bond of appellant Tucker, as auditor of the county, for the recovery of moneys belonging to the county alleged to have been wrongfully obtained and unlawfully held by him. Issues were formed, the cause was tried by the court, a special finding of facts was made, and conclusions of law were stated thereon. Judgment was rendered in favor of the appellee and against the appellants for $4,849.96. Tucker and his sureties appeal.

The errors relied upon for a reversal of the judgment are assigned upon the rulings of the court sustaining demurrers to the second, third, and ninth paragraphs of the answer, and upon each of the eight conclusions of law.

The complaint was in two paragraphs. The first alleged

the election of Tucker at the November election, 1892, the execution and approval of his bond, and the taking of the oath of office. His term began on the first Monday of March, 1893. He continued in office for the full term of four years thereafter. It was charged that during his said term he illegally taxed, exacted, extorted, and received, upon the claim that the same was due to him on account of his salary as such auditor, $3,223.79, which was wrongfully paid to and retained by him, and which he refused to repay to the county. The second paragraph, after alleging the election of Tucker, and his qualification for the office of auditor, including the execution of his official bond by himself and his sureties, averred that from the first Monday in March, 1893, until June 28, 1895, his salary, as fixed by law, was $2,700 per year, and after June 28, 1895, it was $3,000 per year, making a total of $11,306.67 for the entire term of four years. It then charged that during his said term he wrongfully and unlawfully extorted and received from the said county, and was paid out of funds in its treasury, $16,128.89, the particulars of which are shown by an itemized bill. Refusal to pay back the excess so received, when demanded, is averred. The second and third paragraphs of the answer alleged that the moneys sought to be recovered in this action were by the said auditor paid over to the board of commissioners, and that claims for the same filed by him before the board were afterwards allowed by the board and paid to him. The defense set up in the ninth paragraph of the answer was that the moneys in controversy were allowed by the board and paid to the appellant in accordance with the construction then and theretofore placed upon the fee and salary act by the Supreme Court; that, according to the decisions of the Supreme Court theretofore made and then in force, the allowances made by the board were in the nature of judgments, and, unless appealed from or set aside in a direct proceeding for that

purpose, gave to the appellant a vested right to the sums so allowed him, and constituted a defense of which neither he nor the sureties on his official bond could be deprived by a subsequent change of opinion and decision by the Supreme Court.

The material facts stated in the special finding of the court were these:

(1) That at the November election held in 1892 the appellant Tucker was elected auditor of Hamilton county, Indiana, for a term of four years, beginning on the first Monday of March, 1893, being March 6, 1893.

(2) That appellant duly qualified, and that he and the persons named in the complaint as his sureties executed the bond sued upon, and that the same was afterwards approved by the board of commissioners.

(3) That afterwards Gordon H. Timmons, one of the sureties on said bond, died insolvent, and that his estate was finally settled; that Ross and Neal, two other sureties, died also, and that the persons named in the complaint as administrators of their respective estates were appointed and qualified, and that the settlement of each of these estates is yet pending.

(4) That appellant Tucker entered upon the discharge of the duties of said office of auditor of Hamilton county, and served for four years from March 6, 1893.

(5) That by the provisions of section fifty of the act of March 9, 1891 (Acts 1891, p. 424), fixing the compensation, fees, and salaries of state and county officers, the salary of the auditor of said Hamilton county from March 6, 1893, to June 28, 1895, amounted to $6,240; that by the terms of section fifty of the act of March 11, 1895 (Acts 1895, p. 319), fixing the compensation of such officers, the salary of the auditor of said county from June 28, 1895, to March 6, 1897, amounted to $5,066.67, and that the total salary of the appellant as such auditor for the full term for which he served amounted to $11,303.67.

(6)   That during his said term of office said appellant Tucker received from the treasurer of Hamilton county the following amounts at the dates named, to wit: June 21, 1893, $675; September 16, 1893, $675; December 9, 1893, $675; March 23, 1894, $675; June 29, 1894, $675; September 23, 1894, $675; December 13, 1894, $2,947.03; March 14, 1895, $938.79; June 15, 1895, $1,224.51; September 14, 1895, $813.46; December 13, 1895, $750; March 17, 1896, $750; June 13, 1896, $750; September 19, 1896, $750; December 14, 1896, $750; March 15, 1897, $750; the total amount so received by said appellant on account of salary being $14,473.79.

(7)   That at the time of, and prior to, the payments made as above stated, the appellant Tucker claimed that the acts of 1891 and 1895 were unconstitutional as to him, and that he was entitled to receive compensation under the act of 1879, and that in furtherance of such claim he filed his petition with the board of commissioners of said Hamilton county, and caused and procured said board to make said several allowances for said amounts, and that the payment thereof out of the county treasury was made pursuant to the orders of said board in regular sessions, procured by said appellant Tucker on the petitions and claims therefor filed by him.

(8)   That on December 13, 1894, the appellant Tucker was paid $2,272.03 in excess of the salary provided by the act of 1891 aforesaid; that on March 14, 1895, he was paid $263.79 in excess of the salary provided by said act; that on June 15, 1895, he was paid $549.51 in excess of the salary provided by said act; that on September 14, 1895, he was paid $81.80 in excess of the salary to which he was entitled under the acts of 1891 and 1895.

(9)   That during the years 1893, 1894, 1895, and 1896, the appellant sat as a member of the board of review of said county, and from time to time claimed and was allowed and paid, in all, the sum of $208 for such services.

(10) That after the expiration of the term of office of said appellant Tucker, and before the filing of the complaint herein, the plaintiff made a proper demand upon said Tucker for said several amounts, with the interest thereon, and that said Tucker failed and refused to pay back the same, on the ground that the act of 1891 was unconstitutional as to him, and that he was entitled to receive and retain each and all of said sums.

(11) That the appellant Tucker filed in said auditor's office and with the board of commissioners the several claims with a detailed statement of the items and dates of all his charges, averring in said claims that the county was indebted to him in the said several amounts; that said board of commissioners, at the times mentioned in the special finding, on proof thereof, allowed said claims on account of salary and services in said amounts as set out in paragraphs six, seven, and nine of said special finding; that said allowances, and each of them, were then and there entered and spread upon the records of the board of commissioners; that each of said amounts was paid to appellant Tucker on a warrant drawn on the county treasurer pursuant to the allowance thereof at the regular sessions of said board, except that the amounts allowed in August, 1893, and in August, 1895, were made and recorded at special sessions of said board; and that no appeal has been taken from any of said allowances, nor have the same been set aside or modified.

The court's conclusions of law on these findings were as follows: "(1) The act of 1891 was and is valid and binding upon each and every of the defendants hereto; (2) that the act of 1895 was and is valid and binding upon each and every of the defendants hereto; (3) that the sum of $2,272.03 received by the defendant Tucker on the 22d day of September, 1894—being the amount received by him in excess of his salary, as provided by the act of 1891, was illegally and wrongfully received and retained by him

from and after that date; (4) that the sum of $263.79 received by the defendant Tucker on the 15th day of March, 1895—being the amount in excess of his salary provided by the act of 1891—was illegally and wrongfully received, and has ever since been illegally and wrongfully retained by said defendant from the plaintiff relator; (5) that the amount of $549.51 received by the defendant on the 15th day of June, 1895—being the amount in excess of his salary provided by the act of 1891—was illegally and wrongfully received and withheld by said defendant from the plaintiff relator; (6) that the sum of $81.80 received by the defendant Tucker on the 15th day of September, 1895—being the amount in excess of his salary as provided by the acts of 1891 and 1895—was illegally and wrongfully withheld from the plaintiff relator by the defendant Tucker; (7) that said several amounts received by the defendant, to wit, the sum of $34 on the 16th day of August, 1895, the sum of $36 on the 13th day of December, 1894, the sum of $87 on the 8th day of August, 1895, and the sum of $51 on the 14th day of September, 1896, were each and all wrongfully and illegally received by said defendant Tucker at the time, and that the same, and each of them, have ever since been illegally and wrongfully withheld from the plaintiff relator by the defendants; (8) that the plaintiff is entitled to recover of and from said defendants, and each of them, by reason of the wrongful and illegal taking and withholding by the defendant Tucker, the following named sums, with interest thereon from the dates named, to wit: The sum of $2,272.03, with interest from the 13th day of December, 1894, at six per cent.; the sum of $263.79, with interest from the 14th day of March, 1895; the sum of $549.51, with interest from the 15th day of June, 1895; the sum of $81.80, with interest from the 14th day of September, 1895; the sum of $34, with interest from the 16th day of August, 1895; the sum of $36, with interest from the 13th

day of December, 1894; the sum of $87, with interest from the 8th day of August, 1895; the sum of $51, with interest from the 14th day of September, 1896—in all, to wit, the sum of $4,849.96."

The condition of the official bond executed by the appellant Tucker was that he would faithfully perform and discharge his duties as auditor of Hamilton county, and pay over on demand, to the person entitled to receive the same, all moneys that should come into his hands as such officer during his continuance in office. The breaches of this obligation charged in the complaint are that, notwithstanding the fact that he had been paid and had received the full amount of his salary as allowed and fixed by law, he wrongfully taxed up other fees and charges, and, under color of his office, unlawfully demanded, extorted, and received payment of the same in his official capacity from said Hamilton county, upon the pretense that the fees and charges so taxed were due to him on account of his salary and compensation as such auditor. Did these acts constitute a breach of the conditions of the official bond of the auditor at common law, or under the acts of 1891 and 1895?

The writer of this opinion thinks that, independently of any liability for such acts imposed by statute, the officer and his sureties upon his official bond are responsible for the repayment to the county of the moneys wrongfully obtained from it by the auditor by means of the unlawful practices described in the complaint. The moneys so received by the officers can not, he thinks, be regarded as voluntary payments, or as payments made under such a mistake of law as precluded their recovery. The express covenant of the bond was for the faithful performance and discharge of his duties as auditor. One of the duties of the appellant as auditor was to render to the board of commissioners a true account of all moneys due or coming to him

from the county, and to demand and receive from the county only such compensation as was provided by law.

*Snell* v. *State, ex rel.* (1873), 43 Ind. 359, was an action on the bond of a sheriff for collecting from the execution defendants a greater sum than was due upon the execution in the hands of the sheriff. The court said, by Downey, C. J.: "Another objection made is, that the terms of the bond, and the liability of the parties thereto do not extend to such cases; that at the time of the execution of the bond, it was not expected or contemplated that the sheriff would receive from parties more than was due from them; that the bond was not for the purpose of securing the repayment of money so paid; and that the nonpayment of money so received would be no breach of the bond. This would be a very narrow and unreasonable construction to put upon the bond. The sheriff got the money by virtue of his office. He had no right to keep it. Justice and honesty required him to repay it. By the express terms of his bond, he agreed that he would 'faithfully discharge the duties of the office of sheriff of said county of Madison, according to law, and safely keep and pay over according to law, to the proper person, all moneys which may come into his hands by virtue of his said office.' We hold that such a payment of money comes clearly within the terms of the bond, and within the spirit of the law requiring such bonds to be given."

Again, in *Armington* v. *State, ex rel.* (1873), 45 Ind. 10, where a city clerk, under color of his office, filled up and signed certain city orders which had been signed in blank by the mayor, made them payable to himself, presented them to the treasurer, and procured the money thereon, when nothing was due him from the city, it was held that the issuing of the orders was an official act, and that this was a breach of his official bond for which his sureties were liable.

In *Tyler* v. *Old Post Bldg. Assn.* (1882), 87 Ind. 323, the general rule was thus stated: "Where an officer or an agent executed a bond conditioned in general terms for the faithful performance of his duties, it extends to and covers all acts done within the general scope and authority of the officer or agent."

The appellant, as auditor, was entitled to such compensation only as was allowed by the statute. *Legler* v. *Paine* (1897), 147 Ind. 181. Fraud, dishonesty, and official misconduct in illegally and by color of his office procuring to be paid to himself, out of the revenues of the county, moneys to which he was not entitled, constituted a gross wrong upon the county, and a breach of the condition of the bond which required him faithfully to discharge the duties of his office. If his acts in this respect were not strictly by virtue of his office, they were done at least by color of his office, and a public officer and his sureties are liable upon his official bond for wrongful acts done by color of his office as well as for those done by virtue of his office. *State, ex rel.,* v. *Walford* (1894), 11 Ind. App. 392. The claim for moneys received by the appellant Tucker was made by him as auditor; it was for services performed by him in his official capacity, and the allowances and payments were made to him as auditor, and in no other character. All moneys received by the auditor in excess of his salary and per diem as a member of the board of review were paid upon warrants drawn on the county treasurer by the appellant as auditor. These moneys could not have been taken from the treasury without the official action of the auditor. §7974 Burns 1901. The drawing of the warrants was an official act, and in this respect the case comes directly within the rule laid down in *Armington* v. *State, ex rel., supra; State, ex rel.,* v. *Kent* (1876), 53 Ind. 112; *Graham* v. *State, ex rel.* (1879), 66 Ind. 386. I conclude, therefore, that if the appellant Tucker obtained from the county, as fees or salary, moneys of the county to which he

was not entitled, an action for the recovery of the same may be maintained upon his official bond independently of the statute, and that he and his sureties are liable therefor.

A majority of the court, however, are of the opinion that as there is no averment in the complaint that the appellant Tucker, acting in his official capacity as auditor, drew his warrant or warrants upon the treasurer of the county for the said moneys, and thereby wrongfully obtained the same, or such other allegations in relation to the drawing of the warrant as make that the wrongful act of the officer, the complaint, as it now stands, is insufficient to sustain an action at common law. *Furlong* v. *State* (1881), 58 Miss. 717; *People* v. *Foster* (1890), 133 Ill. 496, 23 N. E. 615, and *Slate, ex rel.,* v. *Kent, supra,* are referred to by them as sustaining their views.

But even if the complaint failed to state a common law liability of the appellant Tucker and his sureties, still, under the circumstances of this case, it seems clear to the writer that liability for such illegal charges is expressly imposed by the statute. Acts 1891, p. 424, §129; Acts 1895, p. 319, §128.

Counsel for appellants assume that the sections mentioned, viz., §129 (Acts 1891, *supra*) and §128 (Acts 1895, *supra*), which declare the officer liable upon his bond for any damage or loss sustained by the county by reason of illegal charges for official services, are penal statutes, and must therefore be strictly construed. This is doubtless true of so much of each section as provides that the guilty officer may be fined and imprisoned for a violation of the act. But that portion of each section which declares that the delinquent shall be liable upon his bond for any damages or loss sustained by the county in consequence of false claims or overcharges for salary or compensation, is remedial only. It authorizes indemnity, but not punishment. *American, etc., Co.* v. *Ellis* (1901), 156 Ind. 212, 218-223. The rule in such cases is that the stat-

ute is to have a liberal construction, so as to advance the remedy and suppress the mischief. 1 Blackstone's Comm., 87; Coke, Lit., 11, 42. The object of the action being, not the enforcement of a penalty, but the recovery from the appellant Tucker and his sureties of moneys belonging to the county which are alleged to have been wrongfully obtained and withheld by him, no reason exists why a construction of the act should be adopted which would enable the appellant to keep what he should never have taken, and to which he now has no legal right, and to deprive the county of moneys which justly belong to its revenues. None of the cases relating to the construction of penal statutes cited by counsel applies.

The section under consideration is in these words: "Section 129. If any of the officers named in this act shall tax any fees or make any charges for services not by him actually performed, or shall charge for such charges [services] any other rate than is allowed by this act, or shall wilfully fail or refuse to enter, tax or charge at the proper time, the proper fee for such services any such officer shall be fined in any sum not less than $5 [to] which may be added imprisonment in the county jail for any period not exceeding one year, and in addition he shall be liable personally upon his bond for any damage or loss sustained by the county." In a civil action on the bond of this officer, the obvious meaning and natural construction of the section require that it should be read thus: "If any of the officers named in this act shall tax any fees or make any charges for services not by him actually performed, or shall charge any other rate than is allowed by this act, or shall wilfully fail or refuse to enter, tax or charge the proper fee for his official services * * * he shall be liable personally upon his official bond." It follows that the suit was properly brought against the appellant Tucker and his sureties, and that if he did in fact

charge any other rate for official services performed by him as auditor, during his continuance in office, than the compensation allowed by the act of 1891, such excess so charged, if paid to him, may be recovered, unless the county is barred by some principle of law.

Section fifty of the act of 1891 fixed the salary of the auditor of Hamilton county at $2,700. The act of March 11, 1895, amended the act of 1891, and allowed the auditor of Hamilton county a salary of $3,000, and this act took effect June 28, 1895. It also amended section 129 of the act of 1891, so that the same read as follows: "If any of the officers named in this act shall tax any fees or make any charges for services not by him actually performed, or shall charge, tax or collect any fee other than herein specified or shall charge, tax or collect for any services any other fee than herein named, or shall charge for any services any other rate than is allowed by this act, or shall wilfully fail or refuse to enter, tax or charge at the proper time the proper fees for such services, any such officer shall be fined in any sum not less than $25, to which may be added imprisonment in the county jail for any period not exceeding one year, and in addition he shall be liable personally upon his bond for any damage or loss sustained by the county." Acts 1895, p. 319, §128.

As we have seen, the term of office of the appellant Tucker began March 6, 1893, and ended March 5, 1897. From March 6, 1893, until June 28, 1895, a period of two years, three months, and twenty-two days, the act of 1891 was in force, and from June 28, 1895, until March 5, 1897, a period of one year, eight months and seven days, he was governed by the act of 1895. The appellant Tucker filed claims for fees and compensation with the board of commissioners from time to time, and allowances were made to him as follows: December 13, 1894, $2,272.03; March 14, 1895, $263.79; June 15, 1895, $549.51; Sep-

tember 14, 1895, $81.80—all of which allowances were paid to the auditor on warrants drawn by himself on the county treasurer.    The board also allowed Tucker $208 for his services as a member of the board of review.

It is earnestly contended by counsel for appellants that when these claims were allowed and paid such allowances and payments were authorized by the construction of the statute announced by this court in *State, ex rel.,* v. *Boice* (1895), 140 Ind. 506; that they were in the nature of judgments in favor of Tucker and against the county; and that the auditor and his sureties thereby acquired vested rights of which they could not be deprived by a subsequent change of opinion of the court.

It was held in *Board, etc.,* v. *Heaston* (1896), 144 Ind. 583, 55 Am. St. 192, that the allowance of a claim against a county by a board of county commissioners was merely an administrative act of the board, and not a judicial determination of the validity of the claim.    That case was a thoroughly considered one, and has since been frequently cited and approved.    We have carefully reëxamined it, and are satisfied that it was correctly decided, and that it is fully sustained by reason and authority.    The language of the statute authorizing the board to make such allowances is inconsistent with the idea that the allowance is a judgment. In such cases, the proceedings of the board are similar to those of a common council of a city when it approves claims against the corporation, or of a board of directors of a private corporation when such board audits claims against the company.    The allowances made to the auditor by the board were not judgments, but amounted, at most, to acknowledgments of the correctness of the accounts presented.

It was said by this court in *Gross* v. *Board, etc.* (1902), 158 Ind. 531, 58 L. R. A. 394: "The decision in *State, ex rel.,* v. *Boice* [1895], 140 Ind. 506, afterwards overruled by *Walsh* v. *State, ex rel.* [1895], 142 Ind. 357, did not operate to give county officers a right to charge

and collect fees under the act of 1879 during the time it remained unreversed. The rule that contract rights acquired under an interpretation of the law made by the Supreme Court are not divested by a subsequent decision to the contrary does not apply to the claims of public officers to fees or salaries established by law. Such officers have no vested interest in the offices, and their right to such fees and salaries is not founded in contract. *Sudbury v. Board, etc.* [1901], 157 Ind. 446, 455. * * * The rule that a judicial construction of a statute becomes a part of the statute, and that rights acquired under it can not be impaired by any subsequent act of the legislature, or decision of the courts altering the construction of the law, has never been extended, so far as we are advised, to other than contract rights, or rights arising under the statute so upheld as a rule of property." It follows that the allowance of these claims by the board of commissioners, with the exception hereinafter mentioned, constituted no defense to this action.

The second, third, and ninth answers, which set up the allowance of the claims of the auditor by the board of commissioners, were insufficient, and the court did not err in sustaining demurrers to them.

The first, second, third, fourth, fifth, and sixth conclusions of the court were in harmony with the views expressed in this opinion.

The seventh conclusion, to the effect that the allowances made by the board to the auditor for his services as a member of the board of review, to the amount of $208, were unauthorized by the statute, was erroneous. This court held in *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, that the auditor was entitled to the per diem named in the statute in addition to his salary.

The eighth conclusion, likewise, is erroneous for the same reason, to the extent that it declares that the appellee is entitled to recover from the appellant and his sureties

the $208 so allowed to the auditor for his services as a member of the board of review. If the auditor wrongfully and unlawfully obtained moneys due the appellee, and recoverable on the bond of the officer, they must be regarded as retained without the consent of the county, and, therefore, interest is properly chargeable thereon. §7045 Burns 1901.

It is the opinion of a majority of the court that no action is maintainable against the appellant Tucker and his sureties upon the statute. They think that its terms do not apply to claims presented by the officer, such as those in this case, and allowed by the board, or to any claim except for services not performed, or for fees not given by the statute, or for charges for services at a different rate from that fixed by the statute. *Furlong* v. *State* (1881), 58 Miss. 717; *People* v. *Foster* (1890), 133 Ill. 496, 23 N. E. 615; *State, ex rel.,* v. *Kent* (1876), 53 Ind. 112.

The judgment is reversed, with instructions to the court to carry back the demurrers to the answers, and to sustain the same to each paragraph of the complaint, and for further proceedings in conformity to this opinion.