## BOYD ET AL. v. STATE, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF JAY.

[No. 6,063. Filed April 7, 1908. Rehearing denied July 1, 1908.]

1. COUNTIES. — *Collection of Money Illegally Paid.* — *Demand.*— *County Auditors.*—Where a county auditor fails, at the statutory time, to pay over to the county fees collected and belonging to the county, a demand by the county for such payment is not necessary in order to maintain an action therefor. p. 246.

2. PRINCIPAL AND SURETY.—*Rights of Sureties to Defend.*—*Officers.* —Sureties upon a county officer's bond can make only such defenses as their principal can make in an action by the county for the recovery of money due to such county. p. 247.

3. DEMAND.—*Sureties on County Auditors' Bonds.*—*Failure to Make Settlement.*—Where a demand upon a county auditor is nec-

essary in order to maintain an action upon his bond for the recovery of money due to the county, a demand made upon him alone is binding upon his sureties, and his failure to pay such money to the county at the statutory time for payment suffices as a demand. p. 247.

4. COUNTIES. — *Auditors.—Unlawful Payments.—Demand.*—Where a county auditor pursuant to an order of the board of commissioners or otherwise draws money unlawfully from the county treasury, an action may be maintained therefor without· a previous demand for payment. p. 247.

5. EVIDENCE. — *Circumstantial.—Fees Collected.—Counties.—Services Performed.—Inferences.*—Where it is proved that a county auditor performed certain official services, the statute requiring certain fees to be paid therefor, the trial court is warranted in inferring, in the absence of evidence to the contrary, that such fees were paid to such auditor. p. 247.

6. SAME.—*Circumstantial.—County Auditors.—Assessors' Books.—Unlawful Allowances to Township Assessors.*—Evidence showing that a county auditor induced the township assessors to increase their claims for a sufficient amount to pay him for making their assessors' books, and that they so paid him, does not sustain allegations that he obtained such money from the county for such services. p. 248.

7. TRIAL.—*Pleading.—Issues.—Evidence.—Variance.—County Auditors.—Illegal Fees.*—A judgment by the county against the county auditor and his sureties, including a sum received by such auditor as clerk of the board of turnpike directors, cannot be sustained, where there was no allegation thereof in the complaint. p. 249.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Jay, against Truman O. Boyd and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Frank B. Jaqua,* for appellants.

*Smith & Moran* and *Richard H. Hartford,* for appellee.

RABB, J. This action was brought by the appellee against the appellants upon the official bond of the appellant Boyd, as county auditor of Jay county. There was an answer of general denial, the cause was submitted to the court for trial, special findings made and conclusions of law thereon stated, to which exceptions were reserved, and a judgment

rendered on the special findings against the appellants for $939.19. The appellants' motion for a new trial was overruled. The questions presented by the record here arise upon the exceptions to the conclusions of law, and the action of the court in overruling the motion for a new trial.

The breach of the bond assigned in the complaint was as follows: "That during the term of office for which said Truman O. Boyd was elected and qualified, he collected and received as such auditor, and by virtue of his office, large sums of money for which he did not account to the Board of Commissioners of the County of Jay, or to any one entitled to receive the same, but retained said money, which was in excess of the salary allowed him by law, and converted it to his own use, specifically setting forth a long list of sums collected from various sources—among other items, one reading as follows: 'Received for making assessors' books $547, amounting in the aggregate to $4,696.04; that during the time he was serving as such auditor he paid into the county treasury the sum of $2,532.35, leaving a balance due the county of $2,163.69; * * * that the term of office of said Truman O. Boyd expired on January 1, 1904, and that he did not account or turn over to his successor in office, or to any one entitled to receive the same, the amounts set forth, but converted said amounts to his own use; that there is now due and owing from the defendants to the plaintiff the sum of $2,300, together with interest."

The first six of the special findings set forth the election and qualification of appellant Boyd as auditor, and the execution of the bond sued on. The seventh, finds that during the time Boyd was acting as auditor he received out of the county treasurer's office, for making assessors' books, $137. By the eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and sixteenth, the court found that said Boyd, while acting as auditor, received fees from various sources, amounting in the aggregate to $261.80, which he failed to pay into the county treasury, as required by law. By the

fifteenth, the court found that the appellant Boyd, while acting as auditor of said county, collected and received for services as clerk of the board of turnpike directors of Jay county, during his term of office, the sum of $434.92, upon warrants drawn upon the county treasury, payable to himself, under orders making allowances to him for said services by the board of county commissioners.

The reasons assigned for a new trial and pressed upon our consideration are: (1) That the finding is not supported by the evidence; (2) the amount of recovery assessed is excessive.

It is contended by appellants that the court erred in its conclusions of law upon the facts stated, for the reason that there is no finding that demand was made upon the appellant Boyd for the sums of money found to be due to the county from him, before suit, and that such fact was alleged in the complaint and was essential to plaintiff's recovery. This contention cannot be sustained, since there is a finding that the appellant collected fees which he failed to account for and pay over to the county, as required by law. We think no demand was necessary to plaintiff's right to maintain this action. The law fixes a certain time when such moneys shall be paid by the officer collecting the same, and designates the person to whom they shall be paid.

It is said by the Supreme Court, in the case of *Moore* v. *State, ex rel.* (1876), 55 Ind. 360: "In the collection of these several funds by the clerk of a court, when the time at which he should pay them over, and the person or officer to whom they should be paid are fixed by law, and therefore certain, we think, upon failure so to pay them, he becomes at once liable, without demand and refusal before suit is brought; and against an action founded merely upon his breach of duty in not so paying over such funds, he may plead the statute of limitations." To the same effect see,

*Foster* v. *State, ex rel.* (1899), 22 Ind. App. 471; *King* v. *Downey* (1900), 24 Ind. App. 262.

The sureties upon appellant Boyd's bond, so far as this question is concerned, stand exactly in the shoes of their principal, and they are entitled to make no defense that he could not urge. Demand, if necessary, would not be required to be made upon them, but upon their principal, for whose acts they stood surety, and in a case in which demand was necessary before an action could be maintained, a demand made upon the principal would be sufficient. We hold that the law fixing the time at which payment should be made into the county treasury of fees collected by the auditor is a demand upon that officer to make payment at the time named and to the person named. In a case where a county officer issues to himself warrants upon which to procure money from the county treasury, to which he is not entitled, though such warrants may have been issued pursuant to allowances illegally made by the board of county commissioners, the money thus withdrawn from the treasury becomes due and payable to the county the moment it is received, and without previous demand. It is the wrongful taking of the money from the county treasury that gives the right of action. The officer cannot be said to have collected the money, or received the money for the county, and if an action can be maintained at all upon the official bond of such officer for the recovery of such money no demand was necessary.

It is contended by the appellants that the evidence is insufficient to sustain the finding of the court with reference to the collection of certain fees. The evidence upon this subject consisted in testimony of experts employed by the board of county commissioners to make an examination of the records of the county auditor's office. The testimony of these experts upon this subject was

to the effect that the records disclosed that certain services were performed by the auditor, for which the law required him to charge to, and collect from the parties for whom the services were rendered certain fees, and to pay into the county treasury the fees collected. These witnesses were unable to testify that the fees for these services were actually collected by the officer, and there is no direct evidence that the appellant Boyd received the fees in these cases, and the contention is that there is a failure of proof upon this claim. The fact as to whether the fees were received by Boyd need not appear from direct evidence. It may be established by circumstantial evidence, as any other fact may be. The circumstance that the service was rendered, we think, is sufficient to warrant the inference that the auditor performed his duties and collected the fees, and would be sufficient, in the absence of any showing to the contrary, to justify the finding of the court that he did collect and receive the fees. Whether he did or did not was a matter peculiarly within his own knowledge, and where it is shown that such services were performed by the auditor, we think the inference is justified that the fees were collected, in the absence of any explanation given by the officer who had exclusive knowledge upon the subject.

The seventh finding is that appellant Boyd received from the county treasury the sum of $137 for services in making assessors' books. The evidence upon this subject was that the township assessors paid the auditor for this service out of money which they received from the county treasury. At the instance of the auditor, it is shown that these assessors, in fixing charges for their services, enlarged their bill so as to give them enough more than was due them to pay the county auditor his charges against them for making the books. We think this evidence will not support a finding that the auditor received from the county treasury for services in making these assessment books the amount named. The wrong against the county consisted,

not in appellant Boyd's receiving money from the county treasury for services that he was not entitled to charge for, but in inducing the county assessors to file claims against the county in excess of the sums due them from the county for their services, and we therefore think that the appellants' contention that the evidence does not support this finding is sustained.

The question as to whether the sureties on the official bond of the auditor would be liable for a wrong of this character is not presented by the record. The fifteenth finding is that appellant Boyd collected and received for services as clerk of the board of turnpike directors the sum of $434.92. It is claimed on the part of appellee that there was no law authorizing an allowance to be made by the county commissioners to the auditor for these services, and that therefore the allowance made by the county commissioners for the service was illegal, and that appellant Boyd was liable to the county upon his official bond for all sums of money received by him from the county treasury for such services. There is no averment in the complaint charging appellant Boyd with having received any moneys from the county treasury on account of services rendered by him as clerk of the board of turnpike directors, and it is insisted by him (1) that the law authorized the allowance, and (2) that there can be no recovery on this account against appellants in this action.

We are referred by appellants to the case of *Tucker* v. *State, ex rel.* (1904), 163 Ind. 403, as authority supporting their contention. As we understand that case it decides that the facts set forth in the complaint failed to make out a common-law liability against defendants in that action, for the reason that there was no averment in the complaint that appellant Tucker, the principal in the bond sued on, acting in his official capacity as auditor of Hamilton county, drew the warrants on the treasury of the county for the money alleged to have been received by him from the county for

services for which he was not entitled to compensation, and thereby wrongfully obtained such money from the county treasury, or such other allegations in relation to drawing the warrants as made the act of drawing the warrants the basis of the plaintiff's right to recover, and that the sureties on the bond of the officer are not liable under the provisions of Acts 1891, pp. 424, 451, §129, §6534 Burns 1894, and Acts 1895, pp. 319, 356, §128, §7345 Burns 1908, for the moneys received by the officer from the county under the circumstances set forth in the complaint; that is, no case is made against the auditor and his bondsmen under the provisions of these sections of the law. The complaint in that case averred that the appellant Tucker, during his term of office, did illegally tax, extort, exact and receive from the county, upon a claim that the same was due him for his salary as auditor, a sum in excess of what was legally due him.

It is pointed out by appellee that the complaint in the case cited failed to show that appellant Tucker acted in his official capacity in doing the acts which it was charged he wrongfully did. This is true, but this case is not to be distinguished from that case for this reason, for here the appellee's complaint is far more defective than the complaint in the case cited. The appellee's complaint contains no charge whatever against appellants on account of moneys received by him as clerk of the board of turnpike directors, but is based wholly upon moneys received from other accounts. It not only failed to allege that appellant Boyd, as county auditor, drew his warrant in favor of himself for any sum of money allowed him on account of his services as clerk of the board of turnpike directors, but there is no averment that he was ever allowed, or ever received, any money from the county treasury on account of such services. This finding is entirely outside of the issues presented by the pleadings, and can give no support to a conclusion of law thereon. *Citizens Nat. Bank v. Judy* (1896), 146 Ind.

322; *Burton* v. *Morrow* (1893), 133 Ind. 221. The assessment of the amount of recovery upon the findings made by the court was to that extent excessive.

Judgment reversed, with instructions to the court below to grant a new trial, with leave to the parties to reform the issues.

Roby, C. J., not participating.